CJ-2020-3532
Stallings

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| **GILBERT MEDICAL BUILDING LLC,** | ) | FILED IN DISTRICT COURT |
| | ) | OKLAHOMA COUNTY |
| Plaintiff, | ) | |
| | ) | JUL 3 0 2020 |
| *v.* | ) | Case No. _____ RICK WARREN |
| | ) | COURT CLERK |
| **TRAVELERS CASUALTY INSURANCE** | ) | 41_____ |
| **COMPANY OF AMERICA, NICHOLAS** | ) | |
| **LEE BEST, and THE INSURANCE** | ) | |
| **CENTER AGENCY INC.,** | ) | **CJ-2020-3532** |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S ORIGINAL PETITION

**COMES NOW** the Plaintiff, GILBERT MEDICAL BUILDING LLC (hereinafter "Plaintiff"), and for its causes of action against Defendants, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, NICHOLAS LEE BEST (hereinafter collectively referred to as "Travelers" and "BEST"), and THE INSURANCE CENTER AGENCY INC. (hereinafter "Insurance Agency") hereby states as follows:

### STATEMENT OF FACTS

1.   Plaintiff is a limited liability company situated in Oklahoma City, Oklahoma. Plaintiff has an insurable interest in the property located at 7530 NW 23rd St., Bethany, Oklahoma 73008 (the "Property").

2.   Defendant, Travelers, is a corporation incorporated under the laws of the State of Connecticut, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

3.   Defendant, Insurance Agency, is a licensed insurance agency having its principal place of business in Oklahoma County, Oklahoma.

4.  Defendant, BEST, upon information and belief, is a licensed insurance adjuster in the state of Oklahoma. This cause of action arises out of Defendants' actions and/or inactions during the investigation and evaluation of Plaintiff's claim.   This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5.  Plaintiff entered into a contract for insurance with Travelers to provide coverage for its Property and its contents.

6.  Plaintiff purchased the policy of insurance through the offices of Defendant, Insurance Agency. At the time Plaintiff purchased the policy of insurance with Travelers, the Insurance Agency was an agent and/or an ostensible agent of Defendant, Travelers.

7.  Defendant, Insurance Agency was familiar with Plaintiff and has served as Plaintiff's primary insurance agent for its insurance needs. Defendant, Insurance Agency advised Plaintiff of the need to maintain replacement cost coverage on the Property.

8.  Plaintiff relied on Defnedant, Insurance Agency's representations and purchased the same.   Plaintiff trusted and believed Defendant, Insurance Agency had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiff requested.

9.  Thereafter Defendant, Travelers issued the policy of insurance, Policy No. 680-5A340863-18-42 (the "Policy"), to the Plaintiff.

10. The Policy went into effect on August 31, 2018 and expired on August 31, 2019 (herein referred to as the "Policy Period").

11. Defendant, Travelers represented to Plaintiff, directly and through its agent, Defendant, Insurance Agency, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said

2

representations.

12.     During the Policy Period, the Property was severely damaged as a direct result of a hailstorm.

13.     Plaintiff timely and properly submitted a claim to Defendant, Travelers for property damage incurred due to the hailstorm.

14.     Defendant, Travelers confirmed that the cause of Plaintiff's property damage claim(s) were due to hailstorm and that the loss(es) was covered under the terms and conditions of the Policy. Defendant, Travelers assigned a claim number of DHY1443.

## STATUTORY AUTHORITY

15.     Pursuant to 12 O.S. § 2004(F), this Court has personal jurisdiction over Defendants.

16.     Venue is proper in Oklahoma County under 12 O.S. §§ 134, 137 because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

17.     Plaintiff adopts and incorporates by reference paragraphs 1 through 16 above as if fully plead herein, and for further claims against Defendant, Travelers alleges as follows:

18.     Plaintiff entered into a contract for insurance with Defendant Travelers to provide coverage for the Property.

19.     At all times material hereto, the policy of insurance, Policy No. 680-5A340863-18-42, was in full force and effect.

20.     Plaintiff provided timely and proper notice of its claim of property damage arising from a wind/hail storm that occurred during the Policy Period.

21.     Plaintiff has complied with the terms and conditions and all conditions precedent under the policy of insurance.

22.     This notwithstanding, the Defendant, Travelers has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to pay Plaintiff all benefits owed.

23.     As a result of Defendant, Travelers' breach of contract, Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

24.     The conduct of Defendant, Travelers was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION - BAD FAITH

23.     Plaintiff adopts and incorporates by reference paragraphs 1 through 23 above as if fully plead herein, and for further claims against the Defendants, Travelers and BEST and alleges as follows:

24.     Defendants owed a duty to Plaintiff to deal fairly and act in good faith.

25.     Defendants breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

    a.      Failing to pay the full and fair amount for the property damage sustained by Plaintiff during the wind and hailstorm that arose during the Policy Period in accordance with the terms and conditions of the Policy.

    b.      Failing to pay all additional coverages due and owing to Plaintiff under the terms

4

and conditions of the Policy.

c.    Reducing the fair amount of Plaintiff's claims unfairly and without a valid basis.

d.    Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiff under the terms and conditions of the Policy.

e.    Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim.

f.    Forcing Plaintiff to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the Policy.

g.    Failing to conduct a fair and objective investigation of the damage to Plaintiff's Property.

h.    Intentionally engaging in an outcome oriented investigation.

i.    Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism.

26.    Defendants' obligations to the Plaintiff arise from both express written terms under the Policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27.    Defendants failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28.    Defendants' conduct is a material breach of the terms and conditions of the Policy entered into with the Plaintiff and constitutes bad faith.

29.    As a direct and proximate result of Defendants' unfair claims handling conduct,

Plaintiff's claim(s) were unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant Travelers.

30.  As a result of Defendants' conduct Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31.  The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32.  Plaintiff further alleges Defendants enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

### THIRD CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

33.  Plaintiff adopts and incorporates by reference paragraphs 1 through 32 above as if fully plead herein, and for further claims against all Defendants and alleges as follows:

34.  Due to the unequal bargaining power between Plaintiff and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiff was most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintff and Defendants.

35.  As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insured.

36.  A fiduciary duty existed between Plaintiff and Defendant, Insurance Agency. The overwhelming influence of Defendant, Insurance Agency over Plaintiff, and Plaintiff's

dependency and trust in its insurance agent, and Defendant, Insurance Agency's assurance it could procure the insurance policy Plaintiff requested creates a fiduciary status.

37.   Given the specialized knowledge the Defendant, Insurance Agency possessed with regard to the terms and conditions of the Policy, the Defendant, Insurance Agency's duty to act reasonably created such a special relationship so as to make the Defendant, Insurance Agency a fiduciary.

38.   The Defendants breached their fiduciary duties owed to the Plaintiff.

39.   As a result of Defendants' breach of fiduciary duties, Plaintiff sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41.   Plaintiff adopts and incorporates by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

42.   Defendant, Insurance Agency was familiar with Plaintiff and had been hired as Plaintiff's primary insurance agent for the property insurance needs. In this capacity, Defendant, Insurance Agency advised Plaintiff of the need to purchase and maintain the more expensive replacement cost coverage so that its building would be replaced in the event of damage or destruction to its Property.

43.   Plaintiff relied upon Defendant, Insurance Agency's representations and annually

purchased the suggested coverage by paying a higher premium each year.

44.    Defendant, Insurance Agency procured the subject replacement cost policy for Plaintiff.

45.    At all times relevant hereto, Defendant, Insurance Agency was an agent and/or an ostensible agent of Defendant, Travelers.

46.    Defendant, Travelers owed Plaintiff a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiff, and in the notification of insurance coverage options to the Plaintiff.

47.    Defendant, Insurance Agency had a duty to inform Plaintiff of all coverages, benefits, limitations and exclusions in the coverage procured.

48.    Defendant, Insurance Agency breached its duty owed to Plaintiff and is liable to the Plaintiff because the insurance requested by Plaintiff was not procured as promised and Plaintiff suffered a loss.

49.    Defendant, Insurance Agency breached its duty owed to Plaintiff by:

    a.    Procuring an insurance policy that did not serve to fully replace its insured property when it was damaged or destroyed by a covered loss.

    b.    Procuring an insurance policy that did not accurately reflect the reasonable expectations of the Plaintiff.

    c.    Failing to inform Plaintiff of the limitations of the insurance policy procured for Plaintiff.

50.    Defendant, Insurance Agency was negligent and breached its duty owed to Plaintiff by failing to review the policy procured for Plaintiff to ensure it provided appropriate and adequate coverage.

51.    Plaintiff reasonably believed the insurance policy procured and mainained by Defendant,

Insurance Agency was in conformity to their agreement with Defendant, Insurance Agency.

52. Plaintiff relied upon Defendant, Insurance Agency to procure and maintain appropriate and adequate coverage.

53. Defendant, Insurance Agency knew or should have known Plaintiff relied upon him to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiff could unnecessarily expose Plaintiff to significant harm, losses and damages.

54. Defendant, Insurance Angency was an agent and/or an ostensible agent of Defendant, Travelers and it is vicariously liable for the conduct of Defendant, Insurance Agency.

55. As a result of Defendants' conduct, Plaintiff has sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

56. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

**FIFTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD AND NEGLIGENT MISREPRESENTATION**

57. Plaintiff adopts and incorporates by reference paragraphs 1 through 56 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

58. Defendant, Insurance Agency had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiff of insurance coverage options.

59. Defendant, Insurance Agency breached his duty to Plaintiff by misrepresenting to Plaintiff as follows:

9

a.    That the insurance procured was truly one of "replacement."

b.    That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiff's Property.

c.    That the amount of coverage procured would provide the coverage necessary for Plaintiff to replace its Property in the event it was destroyed by a covered event.

d.    The the Policy procured would comply with Plaintiff's reasonable expectations that the Property would be restored to its pre-loss condition in the event of a covered loss.

60.    That as a result of Defendant, Insurance Agency's breach of duty, Defendant, Insurance Agency gained an advantage to the prejudice and detriment of Plaintiff.

61.    Defendant, Insurance Agency misrepresented the nature of the Policy procured for Plaintiff.

62.    Defendant, Insurance Agency misrepresented the Policy as one which was necessary to provide appropriate and adequate coverage for Plaintiff's Property and personal property.

63.    Defendant, Insurance Agency misrepresented the Policy was one which was in an amount necessary to replace Plaintiff's Property in the event it was destroyed by a covered event.

64.    Defendant, Insurance Agency's misrepresentations constitute constructive fraud.

65.    Plaintiff was induced to accept and purchase the Policy based on Defendant, Insurance Agency's misrepresentations and constructive fraud.

66.    Plaintiff was misled by Defendant, Insurance Agency's misrepresentations and constructive fraud.

67.    The Defendant, Insurance Agency's was an agent and/or an ostensible agent of Defendant, Travelers for purposes of these misrepresentations, and as such Defendant,

Travelers is vicariously liable for the conduct of Defendant, Insurance Agency's.

68.   As a result of the Defendants' misrepresentations and constructive fraud, Plaintiff has sustained financial losses and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69.   Plaintiff is further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, Insurance Agency's misrepresentations.

70.   The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

71.   Plaintiff adopts and incorporates by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

72.   Plaintiff brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

73.   At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

74.   Defendants have violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to

11

induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendants, and Plaintiff would show that Defendants' violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiff damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

### SEVENTH CAUSE OF ACTION
### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

75.    Plaintiff adopts and incorporates by reference paragraphs 1 through 74 above as if fully plead herein, and for further claims against the Defendants and alleges as follows:

76.    Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

77.    Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

78.    Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the Policy, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach

of the duty of good faith and fair dealing.

79.     As a result of Defendants' breach, Plaintiff sustained damages.

### PRAYER FOR RELIEF

**WHEREFORE,** premises considered, the Plaintiff prays for judgment against Defendants for:

a.      Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject Policy for damage to its Property caused by a wind/hail event that occurred during the Policy Period with interest on all amounts due;

b.      Disgorgement of the financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

c.      Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

d.      Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

S. ALEX YAFFE, OBA#21063
DAVID L. TEASDALE, OBA#30307
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
ay@fylaw.com
david@fylaw.com

**ATTORNEYS' LIEN CLAIMED**

13