IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, NICHOLAS LEE BEST, and THE INSURANCE CENTER AGENCY INC.,<br><br>Defendants. | Case No. 20-cv-896-R |

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Defendant Travelers Casualty Insurance Company of America ("Travelers") and moves to dismiss the Petition of the Plaintiff, Gilbert Medical Building, LLC ("Plaintiff" or "Gilbert"), pursuant to Fed. Rs. Civ. P. 12(b)(1), (6), and (7), and 17(a)(1), because Plaintiff is not the real party in interest in this case which was removed from the District Court of Oklahoma County. *See, Notice of Removal* (Doc. 1). In support of this Motion, Travelers shows the Court the following:

1.      In its Petition, the Plaintiff alleges various claims against Travelers and the other defendants related to damage allegedly suffered to "an insurable interest in the property located at 7530 NW 23rd St., Bethany, Oklahoma" from a "hailstorm" which is identified only as occurring "[d]uring the Policy Period" of August 31, 2018 to August 31, 2019. *Notice of Removal, Petition* ¶¶1, 10, and 12, pp. 1, 2, and 3, Ex. 2 (Doc. 1).

1

2. The "policy" is identified in the Petition as having been purchase by the Plaintiff from Travelers. *Id.* ¶¶5 and 9, p. 2 (Doc. 1).

3. In a document dated November 26, 2019 (the "Assignment"), which is after the "Policy Period," "Gilbert Medical Building LLC" recites that it "filed an insurance claim with Travelers ('Insurance Company') for damages to the real property located at 7530 NW23rd, Bethany, OK 73008 ('Premises')" which it "hereby grants, sells, conveys and assigns forever … to AKY MD Gilbert, LLC, (the 'Assignee'), the subsequent purchaser of the Premises." *Assignment*, attached as Ex. 1.

4. Because of the assignment of "all insurance benefits" to another entity which is not a party to this case, the Plaintiff is not the real party in interest, has no capacity to sue, and has no standing to raise any claim or cause of action related to those same benefits for the same damage to the same real property identified in both the Plaintiff's Petition and the Assignment. Plaintiff's case should therefore be dismissed.

## Brief in Support

All actions "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1) (in pertinent part). "The 'real party in interest' principle requires that an action 'be brought in the name of the party who possesses the substantive right being asserted under the applicable law.'" *Esposito v. U.S.*, 368 F.3d 1271, 1273 (10th Cir. 2004) quoting 6A Federal Prac. & Proc. (2nd ed. 1990) §1541, p. 327. Under Oklahoma law, a claim for damages for breach of contract is assignable. *See, Redcorn, Jr. v. Knox*, 2014 OK CIV APP 109 ¶43, 345 P.3d 392, 402 (assignment of claim for damages from breach of contract for sale of stock).

Also under Oklahoma law, "[i]t is well settled that both the validity and enforceability of an insurance contract depend upon the presence of an insurable interest in the person who purchased the policy." *Snethen v. Okla. State Union of Farmers Educ. and Coop. Union of Am.*, 1983 OK 17, 664 P.2d 377, 379.  In this case, the real party in interest is the assignee of the named insured's rights under the insurance policy, which were conveyed by the Plaintiff in the Assignment.  The Plaintiff assigned "all insurance benefits related to the Premises" to the assignee (AKY MD Gilbert LLC), which is not a party in this case.  By assigning "all insurance benefits related to the Premises[,]" the Plaintiff no longer has any interest under the policy which can be asserted in this case.

Accordingly, this case should be dismissed as a matter of law.

WHEREFORE, Defendant Travelers Casualty Insurance Company of America respectfully requests that this case be dismissed that the Court grant to Travelers its fees, costs and other relief as the Court deems just.

[Remainder of page intentionally left blank. Signature on following page.]

        Respectfully submitted,

        **TAYLOR, FOSTER, MALLETT, DOWNS,**
           **RAMSEY & RUSSELL**

        s/Darrell W. Downs
        STRATTON TAYLOR, OBA #10142
        staylor@soonerlaw.com
        DARRELL W. DOWNS, OBA #12272
        ddowns@soonerlaw.com
        JACOB R. DANIEL, OBA #32760
        jdaniel@soonerlaw.com
        MARK H. RAMSEY, OBA #11159
        mramsey@soonerlaw.com
        400 West Fourth Street
        Post Office Box 309
        Claremore, Oklahoma 74018-0309
        Telephone:   918-343-4100
        Facsimile:   918-343-4900
        ***Attorneys for Defendant, Travelers***
        ***Casualty Insurance Company of America***

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

    David Teasdale
    S Alex Yaffe

                        s/Darrell W. Downs