IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GILBERT MEDICAL BUILDING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-20-896-R |
| v. ) | |
| ) | |
| (2) TRAVELERS CASUALTY ) | |
| INSURANCE COMPANY OF AMERICA, ) | |
| (3) NICHOLAS LEE BEST, and ) | |
| (4) THE INSURANCE CENTER AGENCY, INC. ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANT THE INSURANCE CENTER AGENCY, INC.**

Defendant The Insurance Center Agency, Inc. (hereinafter "this Defendant, or "the Agency"), in Answer to Plaintiff's Original Petition, alleges and states as follows:

1. Upon information and belief, this Defendant admits the allegations of paragraph 1.

2. This Defendant is without sufficient information regarding the allegations in paragraph 2, and therefore must deny same. Additionally, the allegations of paragraph 2 are not directed toward this Defendant.

3. This Defendant admits the allegations of paragraph 3.

4. This Defendant is without sufficient information regarding the allegations of paragraph 4, and therefore must deny same.

5. With regard to paragraph 5, this Defendant admits that Plaintiff purchased a property insurance policy from Travelers. Any and all further allegations of paragraph 5, express or implied, are denied.

6. With regard to paragraph 6, this Defendant admits that the subject insurance policy was purchased by Plaintiff through the Agency. This Defendant denies any and all further allegations of paragraph 6.

7. With regard to paragraph 7, this Defendant admits only that Plaintiff had purchased other insurance policies through this Defendant. This Defendant denies any and all further allegations of paragraph 7.

8. This Defendant denies the allegations of paragraph 8.

9. With regard to paragraph 9, this Defendant admits that Travelers issued a policy of insurance to Plaintiff. Any and all further allegations of paragraph 9, express or implied, are denied.

10. With regard to paragraph 10, this Defendant admits that Plaintiff correctly recites the effective period of the subject policy.

11. To the extent the allegations of paragraph 11 are directed toward this Defendant, this Defendant denies same.

12. With regard to paragraph 12, this Defendant admits that Plaintiff made a claim for hail damage that purportedly occurred during the policy period. Any and all further allegations of paragraph 12, express or implied, are denied.

13. With regard to paragraph 13, this Defendant states that, while it has no control or authority over what the insurer, Travelers, deems to be timely, this Defendant has no reason to believe that the subject hail claim was untimely.

14. This Defendant is without sufficient information regarding the allegations of paragraph 14.

15. With regard to paragraph 15, this Defendant states that, if there is a valid cause of action by Plaintiff against this Defendant (which is disputed; see defenses below, as well as Defendant Travelers' Notice of Removal), this Defendant currently knows of no basis upon which personal jurisdiction would not be proper.

16. Plaintiff's allegations as to venue are moot given Defendant Travelers' removal of this matter to the Western District of Oklahoma.

17. Paragraph 17 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

18. Paragraph 18 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant.

19. Paragraph 19 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant.

20. Paragraph 20 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant

21. Paragraph 21 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant.

22. Paragraph 22 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant

23. Paragraph 23 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant.

24. Paragraph 24 of the Petition is not directed toward this Defendant, and therefore requires no response by this Defendant

23.[1] The second paragraph numbered 23 of the Petition is an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

24.[2] With regard to the second paragraph numbered 24 of the Petition, this Defendant states that the allegations are not directed toward this Defendant and therefore require no response by this Defendant. Alternatively, to the extent Plaintiff is actually trying to articulate a theory of "bad faith" against this Defendant, this Defendant both denies said allegations, and also states that the theory of "bad faith" is not a recognized/valid cause of action against an insurance agency in Oklahoma.

25. The allegations of paragraph 25 of the Petition are not directed toward this Defendant, and therefore require no response by this Defendant. Alternatively, to the extent Plaintiff is actually trying to articulate the theory of "bad faith" against this Defendant, this Defendant both denies said allegations, and also states that the theory of "bad faith" is not a recognized/valid theory of recovery against an insurance agency in the State of Oklahoma.

---

[1] Plaintiff mis-numbered this paragraph. It should be numbered "25."

[2] Plaintiff mis-numbered this paragraph. It should be numbered "26."

26.     The allegations of paragraph 26 of the Petition are not directed toward this Defendant, and therefore require no response by this Defendant.  Alternatively, to the extent Plaintiff is actually trying to articulate the theory of "bad faith" against this Defendant, this Defendant both denies said allegations, and also states that the theory of "bad faith" is not a recognized/valid theory of recovery against an insurance agency in the State of Oklahoma.

27.     The allegations of paragraph 27 of the Petition are not directed toward this Defendant, and therefore require no response by this Defendant.  Alternatively, to the extent Plaintiff is actually trying to articulate the theory of "bad faith" against this Defendant, this Defendant both denies said allegations, and also states that the theory of "bad faith" is not a recognized/valid theory of recovery against an insurance agency in the State of Oklahoma.

28.     The allegations of paragraph 28 of the Petition are not directed toward this Defendant, and therefore require no response by this Defendant.  Alternatively, to the extent Plaintiff is actually trying to articulate the theory of "bad faith" against this Defendant, this Defendant both denies said allegations, and also states that the theory of "bad faith" is not a recognized/valid theory of recovery against an insurance agency in the State of Oklahoma.

29.     The allegations of paragraph 29 of the Petition are not directed toward this Defendant, and therefore require no response by this Defendant.  Alternatively, to the extent Plaintiff is actually trying to articulate the theory of "bad faith" against this Defendant, this Defendant both denies said allegations, and also states that the theory of "bad faith" is not a recognized/valid theory of recovery against an insurance agency in the State of Oklahoma.

30.     This Defendant denies the allegations of paragraph 30.

31. This Defendant denies the allegations of paragraph 31.

32. This Defendant denies the allegations of paragraph 32..

33. Paragraph 33 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

34. This Defendant denies the allegations of paragraph 34.

35. This Defendant denies the allegations of paragraph 35.

36. This Defendant denies the allegations of paragraph 36.

37. This Defendant denies the allegations of paragraph 37.

38. This Defendant denies the allegations of paragraph 38.

39. This Defendant denies the allegations of paragraph 39..

40. This Defendant denies the allegations of paragraph 40.

41. Paragraph 41 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

42. This Defendant denies the allegations of paragraph 42.

43. This Defendant denies the allegations of paragraph 43.

44. With regard to paragraph 44 of the Petition, this Defendant admits that it procured a property insurance policy as requested by Plaintiff. Any and all further allegations of paragraph 44, express or implied, are denied.

45. With regard to paragraph 45 of the Petition, this Defendant objects to the improper legal argument and/or conclusion, as opposed to a factual averment. Denied as phrased.

46. With regard to paragraph 46, this Defendant objects to the improper legal argument/conclusion, especially given that it is an inaccurate statement of Oklahoma law. Paragraph 46 contains legal argument, not factual averments. Denied as phrased.

47. With regard to paragraph 47, this Defendant objects to the improper legal argument/conclusion on the part of Plaintiff, especially given that it is absolutely not the law of Oklahoma. Denied as phrased.

48. This Defendant denies the allegations of paragraph 48.

49. This Defendant denies the allegations of paragraph 49, including all sub-parts thereof.

50. This Defendant denies the allegations of paragraph 50.

51. This Defendant denies the allegations of paragraph 51.

52. This Defendant denies the allegations of paragraph 52.

53. This Defendant denies the allegations of paragraph 53.

54. With regard to paragraph 54 of the Petition, this Defendant objects to the improper legal argument/conclusion, instead of a factual averment. Denied as phrased. This Defendant admits only that the subject insurance policy was purchased through this Defendant. The question of "agency" is a legal question for the court.

55. This Defendant denies the allegations of paragraph 55.

56. This Defendant denies the allegations of paragraph 56.

57. Paragraph 57 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

58. With regard to paragraph 58 of the Petition, this Defendant objects to the improper legal argument/conclusions, instead of simple factual averments, especially given that Plaintiff's attempt to recite the law is inaccurate. Denied as phrased.

59. This Defendant denies the allegations of paragraph 59, including all sub-parts thereof.

60. This Defendant denies the allegations of paragraph 60.

61. This Defendant denies the allegations of paragraph 61.

62. This Defendant denies the allegations of paragraph 62.

63. This Defendant denies the allegations of paragraph 63.

64. This Defendant denies the allegations of paragraph 64.

65. This Defendant denies the allegations of paragraph 65.

66. This Defendant denies the allegations of paragraph 66.

67. With regard to paragraph 67, this Defendant objects to the improper legal arguments/conclusions, instead of factual averments. Denied.

68. This Defendant denies the allegations of paragraph 68.

69. With regard to paragraph 69 of the Petition, this Defendant denies that it made any misrepresentations, oral, written, or otherwise, that would in any way form the basis for a "reformation" of the subject insurance policy. Further, if Plaintiff is truly asserting a "reformation" theory of recovery, such theory should be directed toward the insurer, not the insurance agent. Denied.

70. This Defendant denies the allegations of paragraph 70.

71. Paragraph 71 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

72. This Defendant denies the allegations of paragraph 72, and denies that there is a private right of action against any Defendant herein under the Oklahoma Consumer Protection Act.

73. With regard to paragraph 73, this Defendant admits only that Plaintiff is a limited liability company (*i.e.* a commercial insured) and that it purchased property insurance. Any and all further allegations of paragraph 73, express or implied, are denied.

74. This Defendant denies the allegations of paragraph 74, including all sub-parts thereof.

75. Paragraph 75 is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

76. With regard to paragraph 76 of the Petition, to the extent Plaintiff is actually attempting to articulate a "bad faith" theory of recovery against this Defendant, this Defendant denies the allegations, and further states that the "bad faith" theory of recovery is not a valid claim against an insurance agent in Oklahoma.

77. With regard to paragraph 77 of the Petition, to the extent Plaintiff is actually attempting to articulate a "bad faith" theory of recovery against this Defendant, this Defendant denies the allegations, and further states that the "bad faith" theory of recovery is not a valid claim against an insurance agent in Oklahoma.

78. With regard to paragraph 78 of the Petition, to the extent Plaintiff is actually attempting to articulate a "bad faith" theory of recovery against this Defendant, this Defendant denies the allegations, and further states that the "bad faith" theory of recovery is not a valid claim against an insurance agent in Oklahoma.

79. This Defendant denies the allegations of paragraph 79.

**Affirmative/Other Defenses**

1. Plaintiffs' Petition fails to state a cause of action against this Defendant upon which relief can be granted under Oklahoma law.

2. To the extent Plaintiff asserts a negligence theory of recovery against this Defendant, this Defendant states that Plaintiffs' own negligent acts and/or omissions caused or contributed to Plaintiff's alleged damages.

3. There is a lack of causation between any of the damages alleged by Plaintiff and the actions of this Defendant.

4. This Defendant's actions met or exceeded the applicable standard of care for an independent insurance agency in Oklahoma.

5. Plaintiff's damages, if any, were caused by the negligence or other wrongful conduct of third parties over whom this Defendant has no control.

6. Plaintiff improperly attempts to impose upon this Defendant duties that are not within the applicable standard of care of an insurance producer in Oklahoma.

7. Any alleged negligence by this Defendant, which is expressly denied, furnished a mere condition, and was not the cause of Plaintiff's alleged damages, if any.

8. The insurer's coverage decision, if ultimately determined to be wrong or improper, represents an unforeseeable, intervening and/or superseding cause that extinguishes any liability of this Defendant, which is expressly denied.

9. Defendant, as an independent insurance agent, has no claims-investigation or decision-making role with regard to a claim made under an insurance policy, and cannot be held responsible for claims-related decisions by an insurer, including but not limited to the theory of "bad faith."

10. Oral discussions in pre-contract negotiations are merged into, and superseded by, the terms of an executed writing. Accordingly, any claim of misrepresentation on the part of this Defendant with regard to the procurement of the subject insurance policy is moot.

11. This Defendant is not a party to the insurance contract, and thus cannot be liable for the alleged "bad faith" breach thereof. The tort of "bad faith" is not valid against an insurance agent/agency in Oklahoma.

12. As a matter of law, there was no "special" or "fiduciary" relationship between Plaintiff (a limited liability company) and this Defendant (a corporation).

13. By accepting the subject insurance policy, the provisions of which are free from ambiguity, Plaintiff is chargeable with knowledge of the terms and legal effect of said contract.

14. No duty exists upon an insurer, or an insurance agent/producer, to provide an "adequate amount" of coverage when there was no failure to procure insurance for the insured. According to Plaintiff's own allegations, it asked for a property insurance policy,

and that is what it received. Thus, as a matter of law, there is no viable claim of "negligence" against this Defendant.

15.     Because under the law of Oklahoma there is no duty on the part of an insurance agency to "advise" a customer as to the customer's insurance needs, not only does Plaintiff's claim of negligence fail, but Plaintiff's claim of constructive fraud/negligent misrepresentation fails as well.

16.     Because the insurance industry in Oklahoma is regulated by the Oklahoma Department of Insurance, there is no private right of action by Plaintiff against any Defendant herein under the Oklahoma Consumer Protection Act.

17.     To the extent Plaintiff alleges fraud – constructive or otherwise – against this Defendant, this Defendant states that fraud is never presumed, and must be affirmatively alleged and proved by clear, unequivocal, and competent evidence. Additionally, under the Oklahoma Pleading Code, a Plaintiff must state the circumstances constituting fraud "with particularity." Plaintiff's allegations of "fraud" and/or "constructive fraud" against this Defendant are conclusory in nature, and do not set forth the alleged wrongful conduct with particularity, especially given that there are absolutely no allegations by Plaintiff regarding the identity of the parties to the conversation, what exactly was said, when it was said, and where the conversations took place, all of which are necessary under Oklahoma law. Thus, Plaintiff's claims against this Defendant on this theory of recovery fail as a matter of law.

18.     Under the Oklahoma Pleading Code, averments of time and place are "material." Because Plaintiff fails to state <u>when</u> this Defendant was allegedly negligent or

allegedly made "misrepresentations," those theories of recovery against this Defendant fail as a matter of law.

19.     To the extent Plaintiff seeks punitive damages against this Defendant, this Defendant states that to award punitive damages against this Defendant under the circumstances of this case would violate the Oklahoma and United States Constitutions.

20.     Because this case is in its infancy, this Defendant reserves the right to identify additional defenses as the case progresses.

WHEREFORE, this Defendant prays that Plaintiff take nothing by way of its Petition, and that Defendant be awarded its costs herein, along with any other relief this Court deems just and proper.

Respectfully submitted,

*s/R. Thompson Cooper*
R. Thompson Cooper, OBA No. 15746
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   (405) 606-3333
Facsimile:   (405) 606-3334
Email:   tom@rkcglaw.com
**ATTORNEYS FOR DEFENDANT**
**THE INSURANCE CENTER AGENCY, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    S. Alex Yaffe
    David L. Teasdale
    Darrell W. Downs
    Jacob R. Daniel
    Mark H. Ramsey
    Stratton Taylor

                                              *s/ R. Thompson Cooper*
                                              For the Firm