IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC and AKY MD GILBERT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. CIV-896-R ) ) ) ) ) ) |

## PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Plaintiffs, GILBERT MEDICAL BUILDING LLC (hereinafter "Gilbert Medical") and AKY MD GILBERT LLC ("AKY"), and for their causes of action against Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, (hereinafter referred to as "Travelers") hereby states as follows:

## PARTIES

1. Plaintiff, Gilbert Medical Building LLC, is a limited liability company situated in Oklahoma City, Oklahoma. Plaintiff has an insurable interest in the property located at 7530 NW 23rd St., Bethany, Oklahoma 73008 (the "Property").

2. Plaintiff, AKY MD Gilbert, LLC, is a limited liability company situated in Oklahoma City, Oklahoma. Plaintiff has an insurance interest in the Property.

3. Travelers, is a corporation incorporated under the laws of the State of Connecticut, and is an insurance company registered to engage in the business of insurance in the state of Oklahoma.

## STATEMENT OF FACTS

4. Gilbert Medical entered into a contract for insurance with Travelers to provide coverage for its Property and its contents.

5. Thereafter Travelers issued the policy of insurance, Policy No. 680-5A340863-18-42 (the "Policy"), to Gilbert Medical.

6. The Policy went into effect on August 31, 2018 and expired on August 31, 2019 (herein referred to as the "Policy Period").

7. Travelers represented to Gilbert Medical, directly and through its agent (insurance agency that sold the Policy), that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Gilbert Medical relied on said representations.

8. During the Policy Period, the Property was severely damaged as a direct result of a hail, wind and rain storm.

9. Gilbert Medical timely and properly submitted a claim to Travelers for property damage incurred due to the hailstorm.

10. Travelers assigned a claim number of DHY1443 (the "Claim").

11. Travelers performed inadequate inspections of the Property during which hail damage was found to very few areas of the Property.

12. Travelers failed to properly inspect the Property and find all covered damages.

13. Travelers issued a minimal payment to Gilbert Medical that failed to cover the reasonable and necessary costs to repair the Property.

14. Travelers' unreasonable investigation and lack of effort during the claims handling process let to the denial of the Claim and AKY's damages.

15. Gilbert Medical transferred its rights of insurance benefits to AKY.

## JURISDICTION AND VENUE

16. Pursuant to 12 O.S. § 2004(F), this Court has personal jurisdiction over Defendant.

17. Travelers removed this case based on diversity jurisdiction. Plaintiffs have no knowledge of the domicile of Travelers and cannot verify or deny the diversity allegations. Plaintiffs do hereby admit that its damages exceed $75,000.

18. Venue is proper in Oklahoma County under 12 O.S. §§ 134, 137 because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

19. Plaintiffs adopt and incorporate by reference paragraphs 1 through 18 above as if fully plead herein, and for further claims against Travelers as follows:

20. Plaintiff, Gilbert Medical, entered into a contract for insurance with Travelers to provide insurance coverage for the Property.

21. At all times material hereto, the policy of insurance, Policy No. 680-5A340863-18-42, was in full force and effect.

22. The Policy covers "direct physical loss of or damage to Covered Property at the premises".

23. Covered Property includes the Property at issue and mentioned above.

24. A wind, hail and rainstorm occurred during the Policy Period that damaged the Property.

25. Gilbert Medical provided timely and proper notice of the Claim of property damage arising from a wind, hail and rain storm that occurred during the Policy Period.

26. Plaintiffs have complied with the terms and conditions and all conditions precedent under the policy of insurance.

27. This notwithstanding, Travelers has breached its contractual obligations under the terms and conditions of the Policy by failing to pay Plaintiffs all benefits owed.

28. As a result of Travelers' breach of contract, Plaintiffs have sustained financial losses and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

29. The conduct of Travelers was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION - BAD FAITH

30. Plaintiffs adopt and incorporate by reference paragraphs 1 through 29 above as if fully plead herein, and for further claims against Travelers and alleges as follows:

30. Defendant owed a duty to Plaintiffs to deal fairly and act in good faith.

31. Defendant breached its duty to deal fairly and act in good faith by engaging in the

following acts and/or omissions:

a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the wind and hailstorm that arose during the Policy Period in accordance with the terms and conditions of the Policy.

b. Failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of the Policy.

c. Reducing the fair amount of Plaintiffs' claims unfairly and without a valid basis.

d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to Plaintiffs under the terms and conditions of the Policy.

e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' Claim.

f. Forcing Plaintiff, AKY, to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the Policy.

g. Failing to conduct a fair and objective investigation of the damage to Plaintiffs' Property.

h. Intentionally engaging in an outcome oriented investigation.

i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated

       insureds as a cost-saving mechanism.

32. Defendant's obligations to Plaintiffs arise from both express written terms under the Policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

33. Defendant's failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

34. Defendant's conduct is a material breach of the terms and conditions of the Policy entered into with the Plaintiff and constitutes bad faith.

35. As a direct and proximate result of Defendant's unfair claims handling conduct, Plaintiffs' Claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Travelers.

36. As a result of Defendant's conduct Plaintiffs have sustained financial losses and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

37. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

38. Plaintiffs further allege Defendant enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## **THIRD CAUSE OF ACTION - VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT**

39. Plaintiffs adopt and incorporate by reference paragraphs 1 through 38 above as if fully plead herein, and for further claims against the Defendant and alleges as follows:

40. Plaintiffs bring forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

41. At all material times hereto, Plaintiffs were a consumer who purchased insurance products and services from Defendant either directly or via assignment of rights.

42. Defendant violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

    (1) Engaging in an unconscionable course of conduct; and

    (2) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

43. Defendant's violation of the Oklahoma Consumer Protection Act caused actual damages to Plaintiffs. As a result, Plaintiff, AKY was forced to retain an attorney which it did and has thus incurred attorney's fees.

44. Due to Defendant's violation of the Oklahoma Consumer Protection Act, Plaintiffs are entitled to actual damages, costs and attorney's fees.

### FOURTH CAUSE OF ACTION - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

45. Plaintiffs adopt and incorporate by reference paragraphs 1 through 44 above as if fully plead herein, and further claims against Defendant and alleges as follows:

46. Defendant's conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract.

47. Defendant's conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

48. Defendant's failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the Policy, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

49. As a result of Defendant's breach, Plaintiff sustained damages.

### PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against Defendant, Travelers for:

 a. Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy for damage to its Property caused by a wind, hail and rain event that occurred during the Policy Period with interest on all

      amounts due;

b.     Disgorgement of the financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c.     Actual and punitive damages each in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); and

d.     Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

                                        Respectfully submitted,

                                        FOSHEE & YAFFE
                                        Attorneys for Plaintiffs

                                        <u>s/ David L. Teasdale</u>
                                        M. BLAKE YAFFE, OBA #9940
                                        mbyaffe@fylaw.com
                                        D. ELIOT YAFFE, OBA #19723
                                        elyaffe@fylaw.com
                                        S. ALEX YAFFE, OBA #21063
                                        ay@fylaw.com
                                        DAVID L. TEASDALE, OBA #30307
                                        david@fylaw.com
                                        FOSHEE & YAFFE
                                        P.O. Box 890420
                                        Oklahoma City, OK  73189
                                        Telephone: (405) 632-6668
                                        Facsimile: (405) 632-3036

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of October, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Darrell W. Downs
Jacob R. Daniel
Mark H. Ramsey
Stratton Taylor
R. Thompson Cooper

                                  s/ David L. Teasdale
                                  DAVID L. TEASDALE