# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC, and AKY MD GILBERT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 20-cv-896-R |

## TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant Travelers Casualty Insurance Company of America ("Travelers") and pursuant to Fed.R.Civ.P. 12(b)6, moves to dismiss the Amended Complaint of the Plaintiffs, Gilbert Medical Building LLC and AKY MD Gilbert, LLC, ("Plaintiffs or Gilbert and/or AKY MD") because Plaintiffs are not the real party in interest for all claims brought in this case and have failed to state a claim for other causes of action. In support of this motion, Travelers shows the Court the following:

1. Travelers originally filed a motion to dismiss the claims of Gilbert on September 11, 2020 based on it not being the real party in interest. See Travelers Motion to Dismiss and Supporting Brief [Dkt. #5].

2. In response to Travelers' Motion to Dismiss, Gilbert amended its state court petition which had been properly removed to this Court on September 4, 2020 [Dkt. #1] by

1

adding AKY MD as an additional Plaintiff and dropping The Insurance Center Agency, Inc. as a Defendant.

3. In a document dated November 26, 2019 (the "Assignment"), which is after the "Policy Period," "Gilbert Medical Building LLC" recites that it "filed an insurance claim with Travelers ('Insurance Company') for damages to the real property located at 7530 NW 23rd, Bethany, OK 73008 ('Premises')" which is "hereby grants, sells, conveys and assigns forever... to AKY MD Gilbert, LLC, (the 'Assignee'), the subsequent purchaser of the Premises." *Assignment,* attached as Ex. 1. Gilbert further admits it assigned its right to recover under the policy to Co-Plaintiff AKY MD. See paragraph 15 of Plaintiffs' Amended Complaint. [Dkt. #11]

4. Because of the assignment of "all insurance benefits" from Gilbert to AKY MD, another entity, Gilbert is not the real party in interest, has no capacity to sue, and has no standing to raise any claim or cause of action related to those same benefits for the same damage to the same real property identified in both the Plaintiffs' Amended Complaint and the Assignment.

5. Gilbert's claims against Travelers are still deficient as a matter of law because it is not a real party in interest and the tort claims brought by its assignee, AKY MD are invalid because it is not entitled to pursue an assigned bad faith claim by Gilbert. Finally, the remaining causes of action urged by AKY MD do not state viable claims and should be dismissed.

## BRIEF IN SUPPORT

### PROPOSITION I:
### PLAINTIFF GILBERT MEDICAL BUILDING, LLC IS STILL NOT THE REAL PARTY IN INTEREST AND ITS CLAIMS SHOULD BE DISMISSED

Curiously, Gilbert admits it assigned its right to recovery under the subject insurance contract to its assignee, AKY MD. See Plaintiffs' Amended Complaint [Dkt. #11] at paragraph 15. ("Gilbert Medical transferred its rights of insurance benefits to AKY"). Accordingly, Gilbert remains an improper party because the purported real party in interest by its own admission is AKY MD.

All actions "must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1) (in pertinent part). "The 'real party in interest' principle requires that an action 'be brought in the name of the party who possesses the substantive right being asserted under the applicable law.'" *Esposito v. U.S.,* 368 F.3d 1271, 1273 (10th Cir. 2004) quoting 6A Federal Prac. & Proc. (2nd ed. 1990) § 1541, p. 327. Under Oklahoma law, a claim for damages for breach of contract is assignable. *See, Redcorn, Jr. v. Knox,* 2014 OK CIV APP 109 ¶43, 345 P.3d 392, 402 (assignment of claim for damages from breach of contract for sale of stock).

Also under Oklahoma law, "[i]t is well settled that both the validity and enforceability of an insurance contract depend upon the presence of an insurable interest in the person who purchased the policy." *Snethen v. Okla. State Union of Farmers Educ. And Coop. Union of Am.,* 1983 OK 17, 664 P.2d 377, 379. In this case, the real party in interest is the assignee of the named insured's rights under the insurance policy, which were conveyed by the Plaintiff in the Assignment or AKY MD. The Plaintiff Gilbert admits it

3

assigned "all insurance benefits related to the Premises" to the assignee (AKY MD Gilbert LLC), which is also now a party in this case. By assigning "all insurance benefits related to the Premises[,]" the Plaintiff no longer has any interest under the policy which can be asserted in this case.

Accordingly, all of Plaintiff Gilbert's claims should be dismissed as a matter of law.

## PROPOSITION II:
## GILBERT CANNOT ASSIGN ITS TORT CLAIMS TO AKY MD AND THEREFORE PLAINTIFFS' CLAIMS OF BAD FAITH AND A VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT SHOULD BE DISMISSED

Oklahoma law is clear that tort claims cannot be assigned to other parties. The Oklahoma Court of Civil Appeals has addressed the specific issue of the assigning of a bad faith tort claim:

> Section 2017(D) of Title 12 prohibits the assignment of claims not arising from contract. 12 O.S. 2011 § 2017(D) Because a bad faith claims sounds in tort under Oklahoma law, this is such a case. "We conclude that an action growing out of a tort pure and simple, like the one involved in this case... is not assignable." *Kansas City M. & O. Ry. Co. v. Schutt,* 1909 OK 110, ¶ 5, 24 Okla. 96, 104 P. 51, 53.
>
> > *United Adjustment Services, Inc. v. Professional Insurers Agency, LLC*, 2013 OK CIV APP, ¶ 20, 307 P.3d 400, 404

The purported assignment by Gilbert is therefore invalid and prohibits both Gilbert and AXY MD from pursuing a bad faith claim or OCPA claim in this case. See also: *ROC ASAP, LLC, v. Starnet Insurance Company,* 2014 WL667833 (W.D. Okla.) (DeGiusti, J.) ("Because Oklahoma law prohibits the assignment of a tort claim, Plaintiff's bad faith claim fails."); *Lester v. Minnesota Life Insurance Company,* 2014 WL183937 (N.D. Okla.

4

2014) (Same). AKY MD's bad faith and OCPA claims are therefore fatally defective and should be dismissed.

## PROPOSITION III:
## PLAINTIFFS' BREACH OF CONTRACT AND BAD FAITH CLAIMS ARE NOT ADEQUATELY PLED AND SHOULD BE DISMISSED

Dismissal of an action is warranted if a plaintiff fails to state a cause of action upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In order for a plaintiff to survive a motion to dismiss for failure to state a claim upon which relief can be granted, "the complaint must set forth factual allegations sufficient to 'raise a right to relief above the speculative level'." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  While Rule 8(a) does not require detailed factual allegations, the rule does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. 1937 at 1949.  Indeed, a mere recitation of the elements of a cause of action will not suffice to satisfy the pleading requirements.  *Id.*  Instead, to withstand a motion to dismiss, a complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. See also: *Robbins v. Oklahoma* 519 F.3d 1242, 1247 (10th Cir. 2008) (*Twombly* helps weed out unmeritorious claims and inform defendants of the actual grounds of the claims against them.)

Plaintiffs have failed to adequately plead the allegations in the Amended Complaint. Although the Federal Rules of Civil Procedure have liberal pleading requirements,

5

Plaintiffs' Amended Complaint wholly fails to even reach these slight requirements. Plaintiffs' claims for breach of contract fail to satisfy the requirements in *Twombly* and *Iqbal* because they do not contain sufficient facts that plausibly demonstrate Plaintiffs are entitled to relief. Therefore, the Amended Complaint is deficient and should be dismissed.

The allegations in the Amended Complaint are a mere recitation of the elements of the causes of action with little or no factual allegations to support the legal theories. In short, Plaintiffs' conclusory claims are of the type condemned by the *Twombly* and *Iqbal* decisions. A plaintiff must provide "the ground for entitlement of relief, which entails more than labels and conclusions [because] 'a formulaic recitation of the elements of a cause of action will not do. . .'." *Twombly*, 550 U.S. at 555.

Under Oklahoma law, an insured has one cause of action for recovery under an insurance policy, although the claim may be advanced on both *ex contractu* and *ex delicto* theories. *Taylor v. State Farm Fire and Cas. Co.*, 981 P.2d 1253, 1258 (Okla. 1999). In other words,

> [w]hen a lawsuit is brought solely for *recovery of a loss* under a policy, it is, of course, limited to an *ex contractu* theory. But when an action is pressed for *bad-faith refusal to settle* – first recognized as a distinct tort in *Christian v. American Assur. Co.* [577 P2d 899, 901 (Okla. 1977)] – the plaintiff may seek damages (a) for the *loss payable under the policy* together with (b) those *other items of recovery* that are consistent with harm flowing from the insurer's bad-faith breach of its implied-in-law duty to settle.

(Emphasis in original). (Citations omitted).

A plaintiff must plead all elements of the intentional tort of breach of good faith and fair dealing. *Walker v. Progressive Direct Ins. Co.*, 720 F.Supp.2d 1269, 1273 (N.D. Okla.

2010). To plead a claim for breach of duty of good faith and fair dealing, Plaintiffs are required to show:

> 1) the insurer was required under the insurance policy to pay the insured's claim; 2) the insurer's refusal to pay the claim in full was unreasonable under the circumstances because either: a) it had no reasonable basis for the refusal, b) it did not perform a proper investigation of the claim, or c) it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and in good faith with the insured; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the insured.

*Andres v. Oklahoma Farm Bureau Mut. Ins. Co.*, 227 P.3d 1102, 1107 (Okla. App. 2009); *Fossil Creek Energy Corp. v. Cook's Oilfield Services*, 242 P.3d 537, 545 (Okla. App. 2010); *Walker v. Progressive Direct Ins. Co.*, *supra*. at 1273, *citing Badillo*, 121 P.3d at 1093.

In the Amended Complaint, Plaintiff fails to adequately plead the allegations for breach of contract and the first element of the breach of good faith and fair dealing cause of action that Travelers was required to pay their claim under the policy. The Amended Complaint simply claims that Plaintiff complied with the terms and conditions of the policy and Travelers failed to pay. (*See* Amended Complaint [Dkt. #11] ¶¶ 26 and 27) Plaintiffs fail to factually allege what type of damages was suffered, what damages Travelers failed to pay, and what money is due and owing to Plaintiff as a result of the alleged failure to pay. Travelers must guess about the claim made by Plaintiff as a result of the loss, the manner in which Plaintiff was not compensated for the damage, and amount of damage that was allegedly not paid to Plaintiff. Plaintiff's allegations fail to meet the plausibility

requirement of *Twombly* as Travelers has not been informed of the actual grounds of the claim against them other than on a speculative level.

Furthermore, Plaintiff fails to adequately plead the second and third elements of the cause of action for breach of good faith and fair dealing concerning Travelers' alleged unreasonableness and failure to deal fairly with Plaintiff in response to the claim made. See Amended Complaint [Dkt. #11]. Plaintiff does list failure to investigate in a boiler plate fashion in its Amended Complaint, but without sufficient detail to satisfy the *Twombly* plausibility standards. (*See* Amended Complaint, Dkt. #11, at ¶¶ 11 and 12). The allegations, however, fail to particularize any conduct of Travelers whatsoever other than merely making an unsupported allegation of having suffered damages from unidentified investigative acts. Plaintiffs fail to provide a description of the conduct of Defendant that would constitute a breach of its duties. Plaintiff merely recites the elements of the cause of action for breach of good faith and fair dealing. Such "formulaic recitation" of the elements of a cause of action will not suffice to satisfy the pleading requirements of plausibility.

Also, with regard to allegations contained in the Amended Complaint, Plaintiff also fails to satisfy the pleading requirements with regard to the fourth element of breach of good faith and fair dealing that they sustained any injury as a result of Travelers' conduct. Simply stating that "Travelers failed to cover the reasonable and necessary costs to repair the property". Id. In fact, no allegations are contained in the Amended Complaint which describe in any manner the injuries sustained by Plaintiff as a result of Travelers' alleged conduct other than lack of proper payment. (*See* Plaintiff's Amended Complaint [Dkt.

#11]). The allegations simply do not plausibly give rise to an entitlement by Plaintiff to any relief and should be dismissed.

Dismissal of the Amended Complaint is warranted because the allegations lack proper factual evidentiary support to the legal theories of breach of contract and breach of good faith. Plaintiffs' bald claims only provide the skeletal frame of a complaint without containing sufficient factual allegations to support the legal theories. Here, the Amended Complaint lacks proper facts to support the causes of action alleged and to advise Travelers of the actual grounds of the claims against them. Accordingly, the Amended Complaint should be dismissed for lack of sufficient factual allegations.

## PROPOSITION IV:
## PLAINTIFFS' CLAIMS FOR VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT ("OCPA") SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiffs' claim for violations of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 753 (Amended Complaint ¶¶ 39-44) are also barred under Oklahoma law. The OCPA statutory language read in relevant part:

Nothing in this act shall apply to:

\*\*\*

2. Actions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state...

Okla. Stat. tit. 15, § 754(2).

The sale of property insurance and the adjustment of insurance claims such as occurred here plainly fall within the regulations of the Oklahoma Insurance Code and/or the purview of the Oklahoma Insurance Commissioner. *Childs v. Unified Life Insurance*

9

*Co.,* 781 F.Supp.2d 1240 (N.D. Okla. 2011), *citing* Okla. Const. Art. 6, § 22[1]. In *Childs,* Judge Kern noted that:

> Although there are not many cases construing Section 754(2), those cases treating this exception suggest that when the OCPA claim involves an insurer's activity in the business of insurance, the exception applies.

*Id.* at 1250, *citing Thomas v. Metro Life Ins. Co.,* 540 F.Supp.2d 1212, 1228-29 (W.D. Okla. 2008) and *Conatzer v. Am. Mercury Insur. Co., Inc.,* 15 P.3d 1252, 1255 (Okla. Civ. App. 2000).

Also, the Insurance Commissioner can issue cease and desist orders to any person whose method of competition, act or practice violates Art. 12 of the Insurance Code. 12 O.S. §§ 1207 which establishes the regulation of the insurance claims of Plaintiff. Plaintiffs' claim premised on alleged violations of the OCPA are unavailable against any of the Defendants since the activities at issue involve the business of insurance and are specifically excepted from coverage under the Act. Plaintiffs' claims premised upon an alleged violation of the OCPA should therefore be dismissed for failure to state a claim.

### PROPOSITION V:
### PLAINTIFF'S FOURTH CAUSE OF ACTION FOR BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED AS REDUNDANT.

Though set out as a separate cause of action, Plaintiffs claim for the breach of the common law duty of good faith and fair dealing is essentially nothing more than a

---

[1] Art. 6, § 22 provides the Insurance Department "is charged with the execution of all laws now in force, or which shall hereafter be passed, in relation to insurance and insurance companies doing business in the state". *See also,* Okla. Stat. tit. 36, § 307 (Insurance Commissioner "shall have jurisdiction over all complaints against all persons engaged in the business of insurance").

restatement of its second cause of action for bad faith. See Amended Complaint at paragraphs 30-38 [Dkt. #11].

Plaintiffs' fourth cause of action should therefore be dismissed for the reasons set forth supra, or in the alternative, it should be consolidated to allege one cause of action against Travelers consistent with the requirements and holdings of *Christian v. American Home Assurance Co.,* 1977 OK 141, 577 P.2d 899 (Okla. 1977) and its progeny.

## CONCLUSION

For all the above reasons, Travelers motion to dismiss should be granted.

Respectfully submitted,

TAYLOR, FOSTER, MALLETT, DOWNS,
   RAMSEY & RUSSELL

s/Darrell W. Downs
STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
JACOB R. DANIEL, OBA #32760
jdaniel@soonerlaw.com
MARK H. RAMSEY, OBA #11159
mramsey@soonerlaw.com
400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:   918-343-4100
Facsimile:   918-343-4900
***Attorneys for Defendant, Travelers Casualty Insurance Company of America***

## **CERTIFICATE OF SERVICE**

 I hereby certify that on this 16th day of October, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

 Raymond T. Cooper
 S. Alex Yaffe
 David L. Teasdale

            s/Darrell W. Downs