IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC and AKY MD GILBERT, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-896-R<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS**

COMES NOW Plaintiffs, GILBERT MEDICAL BUILDING LLC (hereinafter "Gilbert Medical") and AKY MD GILBERT LLC ("AKY"), by and through its attorneys of record, and moves this Court for an order denying Defendant's, Travelers Casualty Insurance Company of America, Motion to Dismiss.

**FACTS AND PROCEDURAL HISTORY**

This lawsuit arises out of claim filed on May 22, 2019, for hail damage that occurred to Plaintiff Gilbert Medical's building on or about April 17, 2019, and numerous previous potential hail-producing weather events dating as far back as 2009. Defendant Travelers has contracted with Plaintiff Gilbert Medical to provide coverage for its property and its contents. Plaintiff Gilbert Medical purchased the insurance policy through the offices of Defendant Insurance Center Agency ("Agency"), which, at the time of a purchase, was an agent of Defendant Travelers. Defendant Agency was familiar with Plaintiff Gilbert Medical and its insurance needs, having served as its primary

1

insurance agent. Accordingly, Defendant Agency advised Plaintiff Gilbert Medical of the need to maintain replacement cost coverage on the property.

Relying on Defendant Agency's representations, Plaintiff Gilbert Medical purchased the insurance coverage, and Defendant Agency issued the insurance policy under Policy No. 680-5A340863-18-42 (the "Policy") to Plaintiff Gilbert Medical. The Policy became effective on August 31, 2018, and expired on August 31, 2019 (the "Policy Period"). Plaintiff Gilbert Medical's property was severely damaged as a direct result of a hailstorm, a fact which was confirmed by Defendant Travelers and the losses of which were deemed covered under the terms of the Policy. Plaintiff Gilbert Medical timely and properly submitted a claim to Defendant Travelers for property damage caused by the storm. On November 26, 2019, Plaintiff Gilbert Medical assigned its rights to all insurance benefits related to the Premises to Plaintiff AKY, the subsequent purchaser of the Premises.

In its Petition filed with the Oklahoma County Court on July 30, 2020, Plaintiff Gilbert Medical alleged that Defendant Travelers breached its contract to provide Plaintiff with insurance coverage for its property and its contents by failing to pay Plaintiff Gilbert Medical all benefits owed. Plaintiff Gilbert Medical's other allegations included bad faith; violations of the Oklahoma Consumer Protection Act; and breach of common law duty of good faith and fair dealing. On September 4, 2020, Defendant Travelers moved to remove this case to the Western District of Oklahoma. On September 11, 2020, Defendant Travelers filed a Motion to Dismiss, to which the Plaintiff Gilbert Medical responded to by filing an Amended Complaint on October 2, 2020, adding AKY

MD Gilbert LLC as a Plaintiff and dropping The Insurance Center Agency, Inc. as a Defendant. On October 16, 2020, the Defendant Travelers filed an additional Motion to Dismiss, to which the Plaintiffs Gilbert Medical and AKY respond to herein.

## **STANDARD OF REVIEW**

A court will only grant a motion to dismiss "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [her] to relief . . . " *Yoder v. Honeywell*, *Inc.*, 104 F.3d 1215, 1224 (10th Cir.). The Oklahoma Supreme Court in *Fanning v. Brown* stated: "When reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with reasonable inferences which may be drawn from them." 85 P.3d 841, 844 (Okla. 2004). For purpose of making the foregoing determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988).

Additionally, "to survive a motion to dismiss [under Rule 12(b)(6)] a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbdal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 556 U.S. at 679. As it relates to the Plaintiff's bad faith claim, the Oklahoma Supreme Court in *Buzzard f. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1108 (Okla. 1991) stated unequivocally that an insurer is under a legal duty to act in good faith when dealing with its insured. An

insurer's duty to its insured includes the duty to conduct a reasonable investigation under the circumstances. *Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000). The unjustified withholding of payment due under a policy constitutes bad faith conduct. *See McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

## ARGUMENTS AND AUTHORITIES

### I. PLAINTIFF GILBERT MEDICAL BUILDING, LLC PROPERLY JOINED THE REAL PARTY IN INTEREST, AKY MD

In its Motion to Dismiss, Defendant Travelers argues that the Plaintiff Gilbert assigned all its insurance benefits to AKY MD Gilbert, LLC, and therefore is no longer the real party in interest and is barred from asserting its claims. The Defendant Travelers cites the Federal Rules of Civil Procedure Rule 17(a)(1), which requires that an action "be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1). However, they fail to address Federal Rules of Civil Procedure Rule 17(a)(3), which states that "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed.R.Civ.P. 17(a)(3). The Plaintiff Gilbert admits to having assigned all its insurance benefits to AKY MD Gilbert, LLC, and properly joined them as a party in this action. Thus, if Defendant Travelers argument is that AKY is now the real party in interest, they have been properly joined under Rule 17(a)(3) and there remains no viable claim for dismissal.

## II.   GILBERT RETAINS ITS TORT CLAIMS OF BAD FAITH AND VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT AGAINST DEFENDANT TRAVELERS, BUT ASSIGNS ITS BREACH OF CONTRACT CLAIM TO AKY.

The Plaintiffs stipulate that under Oklahoma law, tort claims cannot be assigned to other parties. However, Gilbert and AKY are joint parties to this action and thus maintain separate claims specific to each party, as allowed by Rule 20 of the Federal Rules of Civil Procedure. Gilbert retains the tort claims, which includes the bad faith claim and the OCPA claim brought against Defendant Travelers in this case. AKY, on the other hand, retains the breach of contract claim brought against Defendant Travelers in this case. As the rule states: "the court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed.R.Civ.Pro. Rule 20(a)(3). Thus, the court should not dismiss either tort claim because they belong to Gilbert, and not AKY.

Additionally, it is worth addressing that although the case the defendant cites, *United Adjustment Services, Inc. v. Professional Insurors Agency, LLC*, 2013 OK CIV APP, ¶ 20, 307 P.3d 400, 404, does state that tort claims are unassignable under Oklahoma law, this applies only to tort claims *before judgment*. Thus, "the statute does not in any way modify the common law allowance of assignment of civil judgments. Once a claim is reduced to a judgment, it is an assignable property right." *Id.* As such, Gilbert would be perfectly within its rights to assign AKY its civil tort judgment after the completion of this action.

### III. PLAINTIFFS' AMENDED COMPLAINT IS PROCEDURALLY SUFFICIENT

On October 2, 2020, Plaintiffs filed an Amended Complaint. In it, the Plaintiffs properly pled that Gilbert entered into a contract for insurance with Travelers. During this policy period, the insured Property was severely damaged as a result of weather conditions covered under said policy. Gilbert timely filed a claim, with a number of DHY1443, and instead of properly performing inspections of the property as is their duty as Insurers, Travelers inadequately performed and did not find all covered damages. Travelers then issued a minimal payment to Gilbert, which failed to cover all reasonable costs of repairs. As such, Gilbert and AKY as joint parties filed an Amended Complaint to recover under both breach of contract and tort claims, respectively.

Defendant Travelers contends that the Plaintiff's breach of contract and bad faith claims are not adequately pled and should be dismissed, but this simply is not accurate. Under Federal Rules of Civil Procedure 12(b)(6) and 8(a), and the standards set forth in both *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.CT. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), a complaint must "set forth factual allegations sufficient to 'raise a right to relief above the speculative level'." A mere "recitation of the elements of a cause of action will not suffice to satisfy the pleading requirements." *Iqbal,* 129 S.Ct. 1937 at 1949. The Plaintiffs clearly detail specific allegations in their Amended Complaint, including but not limited to: the weather events and subsequent Property damage that led to the claims, the specific instances the Defendant breached their duty to deal fairly and act in good faith, and the

financial losses that the Plaintiffs have sustained as a result of the Defendants conduct. Thus, no part of the Plaintiff's Amended Complaint constitutes mere speculative allegations or recitation of the elements of a cause of action, but rather solid facts pled properly.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant Travelers' Motion to Dismiss and award reasonable attorney's fees for this response.

                    Respectfully submitted,

                    FOSHEE & YAFFE
                    Attorneys for Plaintiff

                    <u>s/ David L. Teasdale</u>
                    M. BLAKE YAFFE, OBA #9940
                    mbyaffe@fylaw.com
                    D. ELIOT YAFFE, OBA #19723
                    elyaffe@fylaw.com
                    S. ALEX YAFFE, OBA #21063
                    ay@fylaw.com
                    DAVID L. TEASDALE, OBA #30307
                    david@fylaw.com
                    FOSHEE & YAFFE
                    P.O. Box 890420
                    Oklahoma City, OK  73189
                    Telephone: (405) 632-6668
                    Facsimile: (405) 632-3036

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of November, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

Stratton Taylor
Darrell W. Downs
Jacob R. Daniel
Mark H. Ramsey
R. Thompson Cooper

                              s/ David L. Teasdale_____
                              DAVID L. TEASDALE