## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC, and AKY MD GILBERT, LLC, | |
| Plaintiff, | Case No. 20-cv-896-R |
| v. | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO
## TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S
## <u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

COMES NOW Defendant Travelers Casualty Insurance Company of America ("Travelers" or "Plaintiff") and offers this reply to the Plaintiff's [sic] "Response to [Travelers'] Motion to Dismiss" ("Plaintiffs' Response," Doc. 15), pursuant to LCvR 7.1(i), because the Plaintiffs' Response raises new matter.

### Procedural History and Nature of the Case

This is a civil action brought by the Plaintiffs against Travelers alleging four (4) claims or causes of action as follows:  (1) Breach of Contract; (2) "Bad Faith;" (3) Violations of the Oklahoma Consumer Protection Act ("OCPA"); and (4) "Breach of Common Law Duty of Good Faith and Fair Dealing."  *Pl. Am. Cmplnt*. (Doc. 11).

This case was removed from the District Court of Oklahoma County on September 4, 2020.  *Notice of Removal* (Doc. 1).  Prior to removal, only Gilbert Medical Building, LLC ("Gilbert Medical") was a Plaintiff and there were two additional Defendants, Nicholas Lee

Best ("Adjuster") and The Insurance Center Agency, Inc. ("Agent").  *Id.*  Travelers filed a

Motion to Dismiss under Fed. Rs. Civ. P. 12(b)(1), (6), and (7), and 17(a)(1).  *Travelers*

*Mot. to Dismiss* (Doc. 5).  This Court found Travelers' Motion to be moot (*Order*, Doc. 12)

after Gilbert Medical filed an Amended Complaint (Doc. 11) adding AKY MD Gilbert,

LLC as a Plaintiff and deleting Adjuster and Agent as Defendants.  *Pl. Am. Cmplnt.* (Doc.

11).[1]  The Plaintiffs also deleted claims for "Breach of Fiduciary Duty," "Negligence in the

Procurement of Insurance," and "Constructive Fraud and Negligent Misrepresentation."

*Notice of Removal, Pl. Original Petition* (Doc. 1-2).

Travelers renewed its "Motion to Dismiss" (Doc. 13) and Plaintiffs filed their

"Response" ("*Pl. Resp.*," Doc. 15).

## Argument and Authorities

For the convenience of the Court, Travelers offers this Reply to the Plaintiffs'

arguments generally in the order they appear in the Plaintiffs' Response (Doc. 15), which

may not be the order of importance.

### Plaintiff's Facts and Procedural History

**The Plaintiffs should not be permitted to add "facts" to the Amended Complaint by inclusion of new or additional facts in the Response to Travelers' Motion to Dismiss.**

The Plaintiffs' Response (Doc. 15) includes an allegation that they suffered "hail

damage" to their building from "numerous potential hail-producing weather events dating

as far back as 2009."  *Pl. Resp.*, p. 1 (Doc. 15).  In contrast, the Plaintiff's Amended

Complaint says only that damage occurred "[d]uring the Policy Period" of August 31, 2018

---

[1] No notice or stipulation of dismissal was filed under Fed. R. Civ. P. 41(a)(1)(A).

to August 31, 2019.  *Pl. Am. Cmplnt.* ¶¶6 and 8 (Doc. 11).  As this Court has said, "In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true."  *Erikson v. BP Exploration and Prod. Co*., 2013 WL 12069069 *1 (W.D.Okla.) (Russell, J., unpublished).  "While it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, …, a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint."  *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (citations omitted).

The Plaintiffs' purpose in attempting to expand the time period during which damage was allegedly suffered is unclear, but should not be considered in deciding this motion.

**The Plaintiffs continue to refer to "Defendant Agency" even though the insurance agent is not named in the Amended Complaint.**

The Plaintiff named The Insurance Center Agency, Inc. as a defendant in its state-court Petition.  *See, Notice of Removal, Plaintiff's Original Petition* ¶3, p. 1 (Doc. 1-1).  The Plaintiffs' Amended Complaint names only Travelers.  The Plaintiffs may dismiss a Defendant with notice before the Defendant Answers.  *See*, Fed. R. Civ. P. 41(a)(1)(A)(i). Since Defendant The Insurance Center Agency, Inc. filed its Answer on September 11, 2020, any dismissal appears to be ineffective without a stipulation signed by all parties who or which have entered an appearance.  *See*, Fed. R. Civ. P. 41(a)(1)(A)(ii).  Travelers does not object to the dismissal of The Insurance Center Agency, Inc., but the references to "Defendant Agency" are puzzling.

**The alleged assignment of insurance benefits is a new allegation of fact.**

The Plaintiffs allege that "Plaintiff Gilbert Medical assigned its right to all insurance benefits related to the Premises to Plaintiff AKY, the subsequent purchaser of the Premises." *Pl. Resp*., p. 2 (Doc. 15).  Travelers does not dispute the assignment,[2] but notes this is not an allegation in the Plaintiffs Amended Complaint (Doc. 11).  As discussed above, new facts and theories may be inappropriate in a Response to a Motion to Dismiss.  *See*, *Hayes v. Whitman*, *supra*.

### Plaintiff's Statement of the Standard of Review [sic]

The parties agree that the standards for decision on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) are set by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Pl. Resp*., p. 3 (Doc. 15); *Travelers Mot. to Dism*., pp. 5-6 (Doc. 13).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Twombly*, 550 U.S. at 556.

I.   **Joinder of AKY MD Gilbert, LLC, does not save the Plaintiffs' Amended Complaint from dismissal.**

Travelers originally moved to dismiss this case, *inter alia*, because the original Plaintiff, Gilbert Medical, had assigned its rights under the Travelers Policy to AKY MD Gilbert, LLC ("AKY").  *Travelers Mot. to Dism*. (Doc. 5).  Gilbert Medical then filed its Amended Complaint adding AKY as a plaintiff.  *Pl. Am. Cmplnt*. (Doc. 11).[3]  Travelers

---

[2] Assignment of a chose in action for a breach of contract may is permitted under Oklahoma law. *See*, 60 Okla. Stat. §313 (in pertinent part, "A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner.").

[3] The Plaintiffs did not comply with Fed. R. Civ. P. 15 in amending its Complaint; however, this Court accepted the amendment as having mooted Travelers' original Motion to Dismiss.  *See, Order* (Doc. 12).

renewed its Motion to Dismiss, *inter alia*, because Gilbert Medical is now an improper party to assert claims under the insurance contract because it assigned those rights to AKY and AKY, which is otherwise a stranger to the insurance contract. *Travelers Mot. to Dism.*, pp. 3-4 (Doc. 13).

The Plaintiffs attempt to "have it both ways" by adding AKY as a plaintiff instead of substituting AKY for Gilbert Medical.  The Plaintiffs "stipulate that under Oklahoma law" Gilbert Medical could not assign its alleged tort claim to AKY.  *Pl. Resp.*, p. 5 (Doc. 15).  The Plaintiffs then argue that, while tort claims cannot be assigned "*before judgment*," the Plaintiffs can circumvent this rule by assigning proceeds of any judgment presumably after they are received.  *Id.* (emphasis in original).  Citing only to the rule on permissive joinder of parties, the Plaintiffs then argue that "Gilbert and AKY are joint parties to this action and thus maintain separate claims specific to each party, as allowed by Rule 20 of the Federal Rules of Civil Procedure."  *Id.*  The Plaintiffs' Amended Complaint makes no such distinction and indicates that all of the claims are made by "Plaintiffs" and all prayers for relief are by the "Plaintiffs."  "[I]t is inappropriate to attempt to amend a complaint in a response to a motion to dismiss."  *Rodriguez v. Serna*, 2018WL3549823 *2 (D.N.M.) (unpublished).

Moreover, the Plaintiffs do not explain how Travelers could have dealt in "bad faith" with AKY when AKY was not the named insured and Travelers had no duty to AKY at all.[4] *See, Allstate Ins. Co. v. Amick,* 1984 OK 15, 680 P.2d 362, 364-65 ("This single duty of dealing fairly and acting in good faith with the insured arises from the contractual

---

[4] The evidence will show that Travelers actually paid the claim prior to the assignment.

relationship. In the absence of a contractual or statutory relationship, there is no duty which can be breached."). In *Allstate*, the court found the plaintiffs were "strangers to the insurance contract … and Allstate had no duty of dealing fairly and in good faith toward them." *Id*.; and *cf., Wathor v. Mutual Assur. Adm'rs, Inc.*, 2004 OK 2 ¶16, fn. 6, 87 P.3d 559, 563 (insurer's agents, including adjusters, claims representatives, and investigators, could not be liable for "bad faith" because they "are strangers to the insurance contract which gives rise to the duty of good faith on the part of the insurer."); and *Hensley v. State Farm Fire and Cas. Co.,* 2017 OK 57 ¶18, 398 P.3d 11, 18 ("[D]uty on the part of an insurer to deal fairly and act in good [faith] with regard to its insured … [does not extend] to an individual who was not a party to the contract, … [and] an action based on the duty to deal fairly and act in good faith will not lie against a stranger to the contract." Footnotes omitted).

Generally, to be effective, an assignment must "confer a complete and present right on the transferee" and "[t]he assignor must not retain control over the property assigned, the authority to collect, or the power to revoke." 6 Am.Jur.2d *Assignments* (2008) §98, p. 218.[5] "For example, an express statement in a contract that a party shall assign its liability in the future only sets the stage for assignment; it does not operate as one." *Id*., pp. 218-19. In the present case, Gilbert Medical assigned its contract rights to AKY, but now desires to

---

[5] *See also*, 6A C.J.S. *Assignments* (2004) §87, pp. 476-77 ("… an assignment divests the assignor or any interest in the subject matter of the assignment." Footnote omitted); *cf., Okla. Oxygen Co. v. Citizens State Bank & Trust Co. of Kilgore, Tex.*, 1954 OK 228, 274 P.2d 372, 373 ("… a valid assignment unquestionably passes the title of the assignor without notice to the debtor, and after assigning, the assignor has no interest to be reached by his creditor in any proceeding." Citation omitted).

retain the right to sue Travelers, even pointing out that it can complete the assignment after a judgment is rendered.  *Pl. Resp.*, p. 5 (Doc. 15).  The Plaintiffs cannot have it both ways.

## II.    Gilbert Medical cannot assign to AKY any *ex delicto* claim it may have.

"The Plaintiffs stipulate that under Oklahoma law, tort claims cannot be assigned to other parties."  *Pl. Resp.*, p. 5 (Doc. 15).  As explained in Travelers Motion to Dismiss (Doc. 13), "[t]he assignment of claims not arising out of contract is prohibited" by 12 Okla. Stat. §2017(D).  As explained above, Gilbert Medical cannot assign any *ex delicto* claims to AKY nor can Gilbert Medical retain those claims and pursue them after it has assigned its rights to AKY because – in order to be a valid assignment – Gilbert Medical must have assigned all of its rights under the insurance contract.

Consequently, the Plaintiffs' claims must be dismissed.

## III.   Plaintiffs' claims are not adequately pled and should be dismissed.

Travelers Motion to Dismiss (Doc. 13) explains the standards for pleading which the Plaintiff must meet in order to avoid dismissal under Fed. R. Civ. P. 12(b)(6).  As explained above, "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247, quoting *Twombly*, 550 U.S. at 556.  "[M]ere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).  The Plaintiffs Response, pp. 6-7 (Doc. 15), insists merely that the Plaintiffs' Amended Complaint is adequate.

Among their "threadbare," "formulaic," and "conclusory" allegations, the Plaintiffs allege Travelers failed to pay the "full and fair amount for property damage," failed "to pay all additional coverages due and owing," reduced the amount paid "unfairly and without a valid basis," violated unspecified provisions of the Unfair Claims Settlement Practices Act[6] by "wrongfully, intentionally and repeatedly withholding benefits and coverages," "failing to communicate all coverages and benefits," failed "to conduct a fair and objective investigation," engaged "in an outcome oriented investigation," and engaged "in a systemic scheme designed to save money otherwise due and owing." *Pl. Am. Cmplnt*. ¶31, pp. 4-5 (Doc. 11). The Plaintiff does nothing to inform the Court or Travelers what was not paid or why, what provision of the policy was violated or how, what Travelers should have communicated or when, how Travelers investigation was deficient, or how its investigation was "outcome oriented" or was "designed to save money."

Instead, the Plaintiffs Response argues that the Amended Complaint "clearly detail[s] specific allegations …, including but not limited to:  the weather events and subsequent Property damage that led to the claims, the specific instances the Defendant breached their [sic] duty to deal fairly and act in good faith, and the financial losses that the Plaintiffs have sustained as a result of the Defendants conduct." *Id*.  Concerning the weather, the Amended Complaint alleges only that the "Property was severely damaged as

_____

[6] This Act "does not provide for a private right of action." *Walker v. Chouteau Lime Co., Inc.*, 1993 OK 35, 849 P.2d 1085, 1086.  Nor is "a private remedy consistent with the general scheme of the Act." *Id*., 849 P.2d at 1087.  At most, the Act "may provide guidance to a trial court in determining whether to grant summary judgment, but it does not function as an appropriate guide for a jury to determine bad faith." *Aduddell Lincoln Plaza Hotel v. Certain Underwriters at Lloyd's of London*, 2015 OK CIV APP 34 ¶26, 348 P.3d 216, 224.

a direct result of a hail, wind and rain storm." *Pl. Am. Cmplnt*. ¶8, p. 2 (Doc. 11).  The

Plaintiffs' Response then asserts that the damage was caused by "numerous previous hail-

producing weather events dating as far back as 2009." *Pl. Resp*., p. 1 (Doc. 15).

Each of the Plaintiffs' allegations is merely a conclusory statement which is

insufficient to satisfy Rule 8 or to avoid dismissal under Rule 12(b)(6).  *See, Grudowski v.

Farm Fire*, 2016WL11593834 *2 (W.D. Okla.) (Friot, J., unpublished) ("The problem with

the bad faith claims is not lack of clarity but the fact that the allegations are, from a legal

standpoint, merely conclusory.").

### IV and V.   Plaintiffs' claims for violations of the Oklahoma Consumer Protection Act and breach of the common law duty of good faith and fair dealing should be dismissed.

The Plaintiffs Response (Doc. 15) only mentions these Propositions in their "Facts

and Procedural History" on page 2 by reciting the claims asserted in the Petition filed in

state court, and on page 5 by asserting that Gilbert Medical "retains the tort claims, which

includes the bad faith claim and the OCPA claim brought against Defendant Travelers in

this case."  Since there is no response to the arguments and authorities in Travelers' Motion

to Dismiss, pp. 9-11 (Doc. 13), the arguments should be deemed confessed and those claims

and causes of action should be dismissed.  *See*, LCvR 7.1(g) (in pertinent part, "Any motion

that is not opposed within 21 days may, in the discretion of the court, be deemed

confessed."); *see also, Stokes v. Hastings,* 683 Fed.Appx. 713, 714 (10th Cir., 2017)

(unpublished) (affirming dismissal under W.D. Okla. LCvR 7.1(g)); *Campbell v. State of

Okla*., 182 F.3d 931 (Table), 1999WL258384 *1, fn. 1 (10th Cir.) (unpublished) (Magistrate

had discretion under the local rule to dismiss the case on the failure of the plaintiff to

respond to the motion to dismiss); and *Sifuentes v. Corrections Corp. of America, Inc*., 2005WL1176075 *2 (W.D.Okla.) (Thompson, J., unpublished) ("…, Plaintiff's failure to respond to the motion to dismiss permits the Court to deem the motion confessed pursuant to Local Civil Rule 7.2(e), …."); *but see, Fournerat v. Wisconsin Law Review*, 420 Fed.Appx. 816, 819 (10th Cir., 2011) ("Under the Tenth Circuit precedent, however, 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'"  Citation omitted).

Concerning the OCPA claim, as explained in the Motion to Dismiss, insurance is a regulated business which is exempt from the OCPA and, therefore, Plaintiffs cannot maintain an action based on that Act.  *Travelers Mot. to Dism*., pp. 9-10 (Doc. 13). Numerous cases in the federal courts of this state so hold.  *See e.g., Snow White, LLC v. State Farm Auto Prop. and Cas. Ins. Co.,* 2015WL13573971 *4 (W.D.Okla.) (Friot, J., unpublished) ("The subject of the plaintiff's claim is regulated by the Oklahoma Insurance Commissioner and the claim is therefore exempt from coverage under this Act."); *Country Gold, Inc. v. State Auto Prop. and Cas. Ins. Co.*, 2015WL431638 *5 (W.D.Okla.) (DiGiusti, J., unpublished); *Ruffin v. State Farm Fire and Cas. Co.*, 2014WL12730326 *2 (W.D.Okla.) (Friot, J., unpublished) ("[P]laintiff's actions or transactions are exempt from the Oklahoma Consumer Protection Act …."); and *Thomas v. Metropolitan Life Ins. Co.*, 540 F.Supp.2d 1212, 1229 (W.D.Okla.) (Friot J.).

WHEREFORE, the Defendant, Travelers Casualty Insurance Company of America, respectfully requests that the Court dismiss the Plaintiffs' Amended Complaint (Doc. 11) and grant to Travelers such other and further relief as the Court deems just.

Respectfully submitted,

**TAYLOR, FOSTER, MALLETT, DOWNS,**
   **RAMSEY & RUSSELL**

___s/Darrell W. Downs_____
STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
MARK H. RAMSEY, OBA #11159
mramsey@soonerlaw.com
400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:   918-343-4100
Facsimile:    918-343-4900
*Attorneys for Defendant, Travelers*
*Casualty Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

Raymond T. Cooper
S. Alex Yaffe
David L. Teasdale

s/Darrell W. Downs_____