IN THE UNITED STATES DISTRICT COURT FOR THE
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC, ) <br> And AKY MD GILBERT, LLC,  ) <br> ) <br> Plaintiffs,  ) <br> ) <br> v.  ) <br> ) <br> TRAVELERS CASUALTY  ) <br> INSURANCE COMPANY OF  ) <br> AMERICA,  ) <br> ) <br> Defendant.  ) | CIV-20-896-R |

# ORDER

Before the Court is a Motion to Dismiss (Doc. No. 13) filed by Defendant Travelers Casualty Insurance Company. Plaintiffs Gilbert Medical Building LLC ("Gilbert") and AKY MD Gilbert, LLC (AKY") responded in opposition to the motion. (Doc. No. 15). The motion addresses Plaintiffs' Amended Complaint.[1]

Plaintiffs' Amended Complaint alleges the following:

Gilbert entered into a contract for insurance, Policy No. 680-5A340863-18-42, with Defendant Travelers to provide coverage for its Property, located at 7530 NW 23rd Street,

---

[1] Defendant complains in its reply brief, at p. 4 footnote 3, that Plaintiffs did not comply with Fed. R. Civ. P. 15 in amending the Complaint. Defendant does not identify the alleged defect and the Court notes no indication in the file from state court that Plaintiff had previously amended its pleading. Accordingly, pursuant to Fed.R.Civ.P. 15(a)(1)(B) Plaintiff Gilbert was permitted to amend as a matter of course provided that it did so within 21 days of Defendant filing its Motion to Dismiss, which it did. If Defendant believed that the Amended Complaint was improper it was not without recourse, it could have filed a motion to strike. However, an amended complaint supersedes the original pleading in its entirety and thus the original Motion to Dismiss, which addressed the sufficiency of the allegations from the original complaint was rendered moot. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Defendant also complains that Plaintiff dismissed certain Defendants via the filing of the Amended Complaint and that it did not file a stipulation or notice of dismissal under Fed.R.Civ.P. 41(a)(1)(A). No such stipulation was necessary; amendment of the Complaint to eliminate the defendants was appropriate because the amendment was as a matter of right. *See Courser v. Allard*, 1:16-cv-1108, 2018 WL 2447970 (W.D. Mich. May 31, 2018).

Bethany, Oklahoma, and the contents thereof. The Policy was effective from August 31, 2018 through August 31, 2019. During the policy period the insured property was damaged as a direct result of wind, hail and rain. Gilbert thereafter submitted a timely claim under the Policy to Defendant. Travelers tendered a payment under the Policy however, it was not sufficient to cover the loss and damage to the Property. Thereafter, Gilbert transferred its right to benefits under the Policy to AKY. Plaintiffs contend Defendant breached the contract of insurance and violated its duty to deal fairly and in good faith with its insured. With regard to the bad faith claim, Plaintiffs allege that Defendant failed to pay the full and fair amount for the damage sustained as a result of the wind and hailstorm during the policy period; failed to pay all additional coverage due and owing under the Policy; reduced the "fair amount" of the claim without a valid basis; violated the Unfair Claims Settlement Practices Act; failed to communicate all coverages and benefits applicable to Plaintiffs; and failed to engage in a fair and objective investigation of the claim. Plaintiffs also alleged a violation of the Oklahoma Consumer Protection Act, which allegedly caused Plaintiff AKY to retain an attorney and incur fees. In their Fourth Claim Plaintiffs allege Defendant breached the common law duty of good faith and fair dealing.[2]

      To survive a motion to dismiss, a complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff

---

[2] Defendant correctly complains that Plaintiffs do not distinguish between themselves; that is, they plead their allegations in terms of "Plaintiffs" without distinguishing between the two Plaintiff entities. The Court assumes that both Plaintiffs intended to assert each of the four identified claims and will address the claims accordingly.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that the parties might present at trial, but to assess whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted." *Ramer v. Crain*, No. 16-CV-754-JED-FHM, 2019 WL 4602816, at *2 (N.D. Okla. Sept. 23, 2019) (*citing Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to a claimant. *Id.* at 555; *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). A court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The Court first notes the absence of a distinction between Plaintiffs' Second Cause of Action, "Bad Faith", and their Fourth Cause of Action, Breach of the Common Law

Duty of Good Faith and Fair Dealing." According, the Fourth Cause of Action is hereby DISMISSED as to both Plaintiffs.

The First Cause of Action is DISMISSED as to Plaintiff Gilbert, which admits, and indeed pleads, that it assigned its contractual rights under the Policy to Plaintiff AKY.[3] Plaintiff Gilbert therefore lacks standing to pursue a breach of contract claim, having assigned its rights. Accordingly, the Motion to Dismiss is GRANTED as to Plaintiff Gilbert and its First Cause of Action.

Defendant further argues that Plaintiff makes only conclusory allegations insufficient to withstand a Motion to Dismiss under Rule 12(b)(6). The Court disagrees. The Amended Complaint alleges Gilbert purchased a policy of insurance covering property at 7530 NW 23rd ST. Bethany, Oklahoma, which was damaged by wind and hail during the policy period. Gilbert submitted a timely claim to Defendant for the damage, Travelers failed to properly inspect the Property, and, as a result, it underestimated the damage thereto. The payment issued by Travelers was insufficient to cover the loss under the Policy. Gilbert assigned its rights under the Policy to AKY. These allegations are sufficient to state a breach of contract claim and to give notice to Defendant of the nature of Plaintiff AKY's breach of contract claim.

Plaintiff AKY concedes in response to the Motion to Dismiss that the bad faith tort claim could not be assigned by Plaintiff Gilbert. Accordingly, the motion is GRANTED as

---

[3] Paragraph 15 of the Amended Complaint alleges, "Gilbert Medical transferred its rights of insurance benefits to AKY."

4

to Plaintiff AKY. Defendant further argues that the Amended Complaint fails to state a claim for bad faith as to Plaintiff Gilbert.

Defendant contends that Plaintiff Gilbert cannot maintain a bad faith cause of action, although it provides no authority for the Court to dismiss such a claim in light of the assignment of Gilbert's insurance benefits under the Policy to AKY. A bad faith claim is an independent tort, and the Court's research reveals no authority addressing whether the original insured may retain the bad faith tort claim but assign the breach of contract claim under the Policy.[4]

In Oklahoma, "an insurer has an implied duty to deal fairly and act in good faith with its insured and ... the violation of this duty gives rise to an action in tort...." *Christian v. American Home Assur. Co.*, 577 P.2d 899, 904 (Okla.1977). Liability for breach of the implied covenant of good faith and fair dealing requires "'a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.'" *Harris v. Progressive Direct Ins. Co.*, 740 F. App'x 900, 908 (10th Cir. 2018 (quoting *Christian*, 577 P.2d at 905. To establish a cause of action against an insurance company for bad faith under Oklahoma law, the plaintiff must show:

> 1) coverage under the insurance policy and that the insurer was required to take reasonable actions; 2) the actions of the insurer were unreasonable under the circumstances; 3) the insurer failed to deal fairly and act in good faith toward the insured in its handling of the claim; and 4) breach or violation of the duty of good faith and fair dealing was the direct cause of any damages that the insured sustained.

---

[4] The scope of such a claim would clearly be limited in light of the transfer of the property and the rights under the Policy and Plaintiff Gilbert would be required to prove damages flowing from the alleged bad faith of the Defendant.

*Id.* (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005)). A complaint, however, need not allege a basis for all the elements of a prima facie case, but consideration of the elements of a claim can be helpful in determining whether a complaint satisfies the plausibility standard. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

In support of the bad faith claim, Plaintiff alleges that Defendant breached its duty to Plaintiff to deal fairly and act in good faith in a number of ways, including:

- failing to pay the full amount for the property damage sustained as a result of the wind/hailstorm during the policy period as required by the terms of the insurance policy;
- failing to pay all additional coverages due and owing to Plaintiff under the terms and conditions of the insurance policy;
- wrongfully failing to communicate to Plaintiff all coverages and benefits applicable to Plaintiff's claim; and
- failing to conduct a fair and objective investigation of the damage to Plaintiff's property.

See Petition, Amended Complaint ¶ 31. The Court concurs with Defendant that Plaintiff Gilbert's allegations are insufficient to state a bad faith claim; they are mere formulaic recitals of various manners in which an insurer may commit bad faith, without any specific factual allegations arising from this particular relationship.

For example, to the extent Gilbert is relying on an alleged delay in payment, Plaintiff concedes Defendant tendered an amount following the filing of the claim but fails to identify in the Amended Complaint when the claim was filed and when the payment was

tendered.[5] Additionally, although Gilbert alleges that Defendant failed to pay all amounts due, Gilbert does not allege how much Defendant paid or how much it assessed as damage related to the wind and hail. Although Gilbert alleges that Defendant did not pay additional coverage due and owing, Gilbert does not identify what those coverages are. Plaintiff does not identify any facts to support the allegation that Defendant's investigation was deficient, nor does Gilbert identify what coverages and benefits under this Policy Defendant failed to communicate. Plaintiff Gilbert fails to allege any damage as a result of Defendant's alleged bad faith.[6]

The Court concludes the Amended Complaint does not contain sufficient factual allegations to "nudge[ ]" plaintiff's bad faith claim "across the line from conceivable to plausible." *Twombly*, 550 U.S at 570. Accusing Defendant of "[i]ntentionally engaging in an outcome oriented investigation" or "[i]ntentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiff and other similarly situated insureds as a cost-saving mechanism" without some factual support is not sufficient to meet Plaintiff's pleading burden. Doc. # 11, pp. 5-6. Conclusory allegations similar to those made in this case were rejected in *Scheffler v. Am. Republic Ins. Co.*, No. 11-cv-0760-CVE-TLW, 2012 WL 602187 (N.D. Okla. Feb. 23, 2012), *A&B Stores, Inc. v. Employers Mut. Cas. Co.*, No. CIV-14-1228-HE, 2015 WL 1014808, at *2 (W.D. Okla.

---

[5] Plaintiff includes additional factual allegations in response to the Motion to Dismiss which the Court declines to consider, limiting its assessment to the four corners of the Amended Complaint.
[6] Plaintiff AKY alleges it was required to obtain legal counsel to recover insurance benefits, however, as established above, AKY does not have a bad faith claim.

Mar. 9, 2015), and *Daily v. USAA Casualty Insurance Co.*, No. CIV-14-550-HE, 2014 WL 12729172, *1 (W.D. Okla. Nov. 19, 2014).

Plaintiffs' Third Cause of Action alleges violation of the Oklahoma Consumer Protection Act ("OCPA"). Defendant seeks dismissal of this claim, asserting that the business of insurance is excluded from the Act. Plaintiffs did not respond to the Motion to Dismiss as it addressed the OCPA, and thus the Court finds they have waived the claim. Further, at least one judge in this District and the Oklahoma Court of Civil Appeals have determined that the OCPA does not apply to insurance transactions because the business of insurance is regulated by the Department of Insurance. *See* Okla. Stat. tit. 15, § 754(2) ("[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States" are exempted from the OCPA).

> The regulatory authority of the Insurance Commissioner under the Oklahoma Insurance Code, Okla. Stat. tit. 36, §§ 101–7301, expressly encompasses the conduct of insurers in the marketing and sale of insurance policies, disclosures of information, and the adjustment of claims. Further, the Commissioner has "jurisdiction over complaints against all persons engaged in the business of insurance." *See id.* § 307.
> Other courts, including the Oklahoma Court of Civil Appeals, have determined that the exemption of § 754(2) applies when an OCPA claim rests on "an insurer's activity in the business of insurance." *See Conatzer v. Am. Mercury Ins. Co.*, 15 P.3d 1252, 1255 (Okla.Civ.App.2000); *see also Childs v. Unified Life Ins. Co.*, 781 F.Supp.2d 1240, 1250 (N.D.Okla.2011); *Thomas v. Metro. Life Ins. Co.,* 540 F.Supp.2d 1212, 1228 (W.D.Okla.2008). The Court agrees and finds Plaintiff's OCPA claim is subject to dismissal for failure to state a claim upon which relief may be granted.

*Bayro v. State Farm Fire and Cas. Co.*, No. CIV 14-1084-D, No. CIV-14-1084-D, 2015 WL 4717166, *2-3 (W.D. Okla. August. 7, 2015). Accordingly, the claim under the OCPA is hereby DISMISSED.

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff Gilbert's claims are dismissed as are AKY MD Gilbert LLC's claims for bad faith and violation of the OCPA.

**IT IS SO ORDERED** this 7th day of December 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE