### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| GILBERT MEDICAL BUILDING LLC, and AKY MD GILBERT, LLC, | |
| Plaintiffs, | Case No. 20-cv-896-R |
| v. | JURY TRIAL DEMANDED |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

### DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF AKY MD GILBERT, LLC'S AMENDED COMPLAINT

Comes now the Defendant, Travelers Casualty Insurance Company of America ("Travelers") and for its answer to Plaintiff AKY MD Gilbert, LLC's, Amended Complaint, alleges and states the following:

### I.

All allegations not specifically admitted are hereinafter denied.

### II.

Travelers denies the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

III.

Travelers admits the allegations contained in paragraph 2 of Plaintiff's Amended Complaint only insofar as Plaintiff AKY MD Gilbert, LLC, is a limited liability company and claims an insurable interest in the subject property.

IV.

Travelers admits the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

V.

Travelers admits the allegations contained in paragraphs 4, 5, and 6 of Plaintiff's Amended Complaint, but denies Plaintiff's contract of insurance was breached.

VI.

Travelers admits the allegations contained in paragraph 7 of Plaintiff's Amended Complaint only insofar as it conducted itself in accordance with the laws of Oklahoma and it properly investigated and paid all due and owed claims. Travelers is without sufficient information to either admit or deny the remainder of paragraph 7 of Plaintiff's Amended Complaint as phrased.

VII.

Travelers denies the allegations contained in paragraphs 8, 9, and 10 of Plaintiff's Amended Complaint as phrased but does admit a claim was made under the subject insurance policy with a claim number of DHY1443.

VIII.

Travelers denies the allegations contained in paragraphs 11, 12, 13, and 14 of Plaintiff's Amended Complaint.

IX.

Travelers is without sufficient information to either admit or deny the allegations of paragraph 15 of Plaintiff's Amended Complaint as phrased.

X.

Paragraphs 16, 17, and 18 of Plaintiff's Amended Complaint are legal averments requiring no response by Travelers. To the extent a response is deemed necessary, Travelers admits only that jurisdiction and venue are proper before this court.

XI.

Travelers adopts and incorporates by reference its prior responses to paragraphs 1 through 18 of Plaintiff's Amended Complaint as if set out in full herein in response to paragraph 19 of Plaintiff's Amended Complaint.

XII.

Travelers admits the allegations contained in paragraphs 20 through 23 of Plaintiff's Amended Complaint only insofar as Plaintiff Gilbert Medical entered into a contract of insurance with Travelers with the cited policy number. Travelers is without sufficient information to either admit or deny the remaining allegations.

XIII.

Travelers is without sufficient information to either admit or deny the allegations contained in paragraphs 24, 25, and 26 of Plaintiff's Amended Complaint as phrased.

XIV.

Travelers denies the allegations contained in paragraph 27, 28, and 29 of Plaintiff's Amended Complaint as phrased.

XV.

Travelers adopts and incorporates by reference its prior responses to paragraphs 1 through 29 of Plaintiff's Amended Complaint in response to paragraph 30 of Plaintiff's Amended Complaint.

XVI.

This Court has previously dismissed Plaintiff's claims of bad faith and no response is therefore necessary to paragraphs 30 through 38 of Plaintiff's Amended Complaint. To the extent a response is deemed necessary, said allegations are denied.

XVII.

Travelers adopts and incorporates by reference its prior responses to paragraphs 1 through 38 of Plaintiff's Amended Complaint in response to paragraph 39 of Plaintiff's Amended Complaint.

XVIII.

This Court has previously dismissed Plaintiff's claims based upon the Oklahoma Consumer Protection Act and no response is therefore necessary to paragraphs 40 through 44. To the extent a response is deemed necessary, said allegations are denied.

XIX.

Travelers adopts and incorporates by reference its prior responses to paragraphs 1 through 44 of Plaintiff's Amended Complaint in response to paragraph 45 of Plaintiff's Amended Complaint.

XX.

This Court has previously dismissed Plaintiff's claims of bad faith and no response is therefore necessary to paragraphs 46 through 49 of Plaintiff's Amended Complaint. To the extent a response is deemed necessary, said allegations are denied.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's Amended Complaint has failed to state a claim in whole or part against this Defendant.

2.     Plaintiff's damages were caused in whole or in part by the actions of third parties over whom this Defendant had no supervision or control.

3.     Travelers' actions in responding to Plaintiff's demands were reasonable and performed in good faith.

4.     Plaintiff's claim is barred because the underlying insurance policy prohibits the transfer of the rights under the policy.

5.     Because the Plaintiff's tort claims have been dismissed, punitive damages cannot be awarded in this case.

6.     The United States Supreme Court has rendered its decision in the case styled *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2002) (which incorporates *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996)), on the issue of punitive damages.

Defendant adopts all defenses and constitutional constraints that are mandated by the United States Supreme Court decisions in those and all other applicable cases as to the imposition of punitive damages. Defendant further adopts all defenses and constitutional constraints that will be mandated by the United States Supreme Court in future decisions that are handed down prior to the final resolution of this lawsuit.

7.    To the extent the Amended Complaint states a claim against Defendant, which Defendant at all times denies, Plaintiff's claims for punitive damages against Defendant are improper for at least the following reasons:

     a.  The standard by which Defendant's conduct is to be determined, as alleged by Plaintiff, is vague and wholly arbitrary and, as such, denies due process and is in violation of the Oklahoma Constitution;

     b.  The standard by which Defendant's conduct is to be determined, as alleged by Plaintiff, is vague and wholly arbitrary and, as such, denies due process and is in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

     c.  The standards for determining the amount of damages and/or subsequent imposition of damages are vague, and supply no notice to Defendant of the potential repercussions of its conduct, and therefore deny due process under the Oklahoma Constitution;

     d.  The standards for determining the amount of damages and/or subsequent imposition of damages are vague, supply no notice to Defendant of the potential repercussions of its conduct, and therefore deny due process under

the Fifth and Fourteenth Amendments of the United States Constitution; and

e.  Plaintiff's requests for punitive damages against Defendant constitutes a denial of equal protection under the law and violates the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants net worth may be considered by the jury in determining the amount of such an award.

8.  In the alternative, Plaintiff's punitive damage claim is subject to the limitations of 23 O.S. § 9.1.

9.  Plaintiff has failed to mitigate its damages, if any.

10. Plaintiff's claims are barred or limited due to the contractual provisions of the subject insurance policy and are adopted and incorporated by reference as if set out in full.

11. To the extent Plaintiff failed to satisfy a condition precedent, Plaintiff's claims are barred.

12. Additional facts may become known during the course of discovery and investigation that will support additional defenses that are currently unknown to Travelers. To preserve such additional defenses, Travelers hereby incorporates by reference all of the affirmative defenses set forth in Fed.R.Civ.P. 8(c), and all affirmative defenses pleaded by any other defendant in this lawsuit and reserves the right to assert additional defenses as discovery proceeds.

As discovery is ongoing, Travelers reserves the right to amend its Answer as additional information is made known to it.

Respectfully submitted,

**TAYLOR, FOSTER, MALLETT, DOWNS,**
  **RAMSEY & RUSSELL**


s/Darrell W. Downs

STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
MARK H. RAMSEY, OBA #11159
mramsey@soonerlaw.com
400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:   918-343-4100
Facsimile:    918-343-4900
*Attorneys for Defendant, Travelers*
*Casualty Insurance Company of America*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

Raymond T. Cooper
S. Alex Yaffe
David L. Teasdale


s/Darrell W. Downs

Darrell W. Downs