IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LCC, and AKY MD GILBERT, LLC, Plaintiffs, | ) ) ) ) |
| v. | ) ) Case No. 5:20-cv-00896-R |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, Defendant. | ) ) ) ) ) |

**PLAINTIFF'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER REGARDING EXPERT HOWARD ALTSCHULE**

Plaintiff Gilbert Medical Building LCC ("Gilbert"), files this Motion to Quash and for Protective Order related to the Notice of Subpoena issued to Plaintiff's expert Howard Altschule for his deposition which is scheduled to take place on **December 29, 2021** and would respectfully state:

**I.
OVERVIEW**

1. Plaintiff's expert Howard Altschule has an immediate family member who is immunocompromised and highly susceptible to COVID-19 and the multiple variants surging in the New York area. For the health and safety of himself and his immediate family, Mr. Altschule is unable to attend a deposition noticed for December 29, 2021, in person. Plaintiff recommends and requests that the deposition take place via zoom to help protect Mr. Altschule's immediate family member. After discussion with Defendant, Defendant refuses to take the deposition via zoom.

## II.
## MOTION TO QUASH

2. Defendant issued a subpoena for the deposition of Plaintiff's expert on December 14, 2021, requiring in-person attendance for a deposition on December 29, 2021, in Albany, New York. See Exhibit 1.

3. Plaintiff accommodated the requested date as noticed, but informed Defendant that its expert Howard Altschule would be unavailable for an in-person deposition and that the deposition would need to occur via zoom. See Exhibit 3, Emails Regarding Deposition of Altschule. Mr. Altschule has an immediate family member that is immunocompromised and susceptible to COVID-19 and the multiple variants currently surging in New York. See Exhibit 2, Affidavit of Howard Altschule. Because of the dangers COVID-19 poses and Mr. Altschule's immediate family member being immunocompromised, Mr. Altschule's is unable to attend the deposition in person and is only available for an online deposition. See Exhibit 2, Affidavit of Howard Altschule. There is also a heightened concern in this case due to the traveling that would be involved for Defendant's counsel to attend the deposition.

4. Plaintiff requested an accommodation based on Mr. Altschule's immediate family member being immunocompromised by offering to still have the deposition on December 29, 2021, but for it take place via zoom to eliminate any risk of transmitting COVID-19. See Exhibit 3, Emails Regarding Deposition of Altschule. Defendant never responded agreeing to Plaintiff's offer to hold Mr. Altschule's deposition via zoom. Instead, Defendant filed the current Notice of Deposition stating the deposition would be in person. See Exhibit 1.

5. Rule 26 of the Federal Rules of Civil Procedure provides that the court may "issue an order to protect a party or person from annoyance . . . oppression, or undue burden." FED. R. CIV. P. 26. Further, Rule 45(d)(3)(A) requires courts to quash a notice that "subjects a person to

undue burden." FED. R. CIV. P. 45(D)(3)(A).

6. Defendant's Notice subjects Mr. Altschule to undue burden. Mr. Altschule is not able to sit for an in-person deposition as it would potentially expose Mr. Altschule and his immediate family member that is immunocompromised to COVID-19 and the multiple variants in the New York area. Cases in New York continue to surge due to the new Omicron variant. Plaintiff has offered to make reasonable accommodations, pending approval from the Court, to still hold the deposition via zoom without affecting the deposition date, the trial date, or the ultimate resolution of this case if Defendant would agree to work with Mr. Altschule to hold his deposition via zoom, but Defendant has refused.

7. This Motion is filed prior to the time for compliance with the Subpoena to Mr. Altschule.

8. Because of the upcoming federal holiday and the date the deposition is set to take place, Plaintiff would request expedited briefing on this Motion.

### III.
### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court (1) quash the Altschule Deposition Notice, (2) allow Mr. Altschule to appear on December 29, 2021, at 9:00 AM for the deposition via zoom, and (3) for such other relief as Plaintiff may be entitled.

Respectfully submitted,

**FOSHEE & YAFFE LAW FIRM**

*/s/ Terry M. McKeever*
Terry M. McKeever, OBA #21751
tmm@fylaw.com
P.O. Box 890420
Oklahoma City, OK 73189
Telephone:   (405) 632-6668
Facsimile:    (405) 632-3036

and

**PRESTON DUGAS LAW FIRM, PLLC**

*/s/ Preston J. Dugas*
Preston J. Dugas, III,
Texas Bar No. 24050189
*Admitted Pro Hac Vice*
preston@pjdlawfirm.com
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:   (817) 945-3061
Facsimile:    (682) 219-0761

**Attorneys for Gilbert Medical Building LLC, and AKY MD Gilbert, LLC**

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned counsel conferred with opposing counsel Darrel Downs and Jacob Daniel on December 7, and 9, 2021, regarding the relief requested herein and the attempt to schedule Mr. Altschule's deposition via zoom. Counsel indicated he opposed the relief requested herein because he did not like zoom depositions. Therefore, this Motion is submitted to the Court for determination.

*/s/Preston J. Dugas III*
**Preston J. Dugas III**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on December 17, 2021 in manner described below:

*via electronic service*
Darrell W. Downs
State Bar No. 12272
ddowns@soonerlaw.com
Mark Ramsey
State Bar No. 11159
mramsey@soonerlaw.com
Jacob Daniel
State Bar No. 32760
jdaniel@soonerlaw.com

400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:    (918) 343-4100
Facsimile:    (918) 343-4900

**Attorneys for Defendant**

                                                  */s/Preston J. Dugas III*
                                                  **Preston J. Dugas III**