## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC, and AKY MD GILBERT, LLC, | |
| Plaintiff, | Case No. 20-CV-896-R |
| v. | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## DEFENDANT'S RESPONSE TO PLAINTIFF GILBERT MEDICAL BUILDING LLC'S MOTION TO QUASH REGARDING EXPERT HOWARD ALTSCHULE

COMES NOW, Defendant Travelers Casualty Insurance Company of America ("Travelers"), by and through its counsel Darrell Downs and Jacob Daniel of the law firm Taylor, Foster, Mallett, Downs, Ramsey, & Russell, P.C., and hereby provides its Response to Plaintiff's Motion to Quash Regarding expert Howard Altschule. Defendant states as follows:

1. This case involves issues regarding alleged hail damage to a commercial property wherein the Plaintiff has claimed over $1,100,000 in contractual damages.

2. Plaintiffs and Defendant have both hired meteorological experts in this litigation. Plaintiffs have hired Howard Altschule, based in upstate New York.

3. Defendants attempted to come to an agreed date and time for Mr. Altschule's deposition. The parties agreed to December 29, 2021, as the date of deposition.

4. Defendant requested to take Mr. Altschule's deposition in-person by agreement. Plaintiffs' counsel informed Defendant that Altschule informed counsel "he is only agreeing to depositions via Zoom at this time." Plaintiffs' counsel stated he did not prefer Zoom depositions either but was not "driving the train." Plaintiffs' counsel agreed a notice needed to be filed to seek Court guidance. *See* Communications [Ex. 1-6]. This was done and Plaintiff filed its Motion to Quash [Dkt. # 39]. Defendant has also sent the attached subpoena to Mr. Altschule. *See* Exhibit 7.

5. As the attached correspondences show, Defendant was *never* informed Altschule was objecting to an in-person deposition on the basis his relative is immunocompromised. Any assertion to the contrary is a misrepresentation.

6. Notwithstanding this issue, Defendant maintains Mr. Altschule's deposition should be in person as briefed below. Moreover, Plaintiff does not have standing to file a motion to quash the deposition subpoena to Altschule. Plaintiff's Motion should be denied.

## I.  Plaintiff does not have standing to file a motion to quash the deposition subpoena to Altschule

"A party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon showing that a privacy interest is implicated." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *see also Public Service Co. of Oklahoma v. A Plus, Inc.*, 2011 WL 691204 (W.D. Okla. Feb. 16, 2011) (unpublished) (denying motion to quash because the movant lacked standing). A privacy interest, or

"personal right," is most typically implicated when a constitutional right is at issue or confidential records are sought by subpoena. *See Public Service Co.*, 2011 WL at * 3.

The Motion to Quash [Dkt. # 39] is filed by Plaintiff and not Mr. Altschule. Plaintiff does not have standing to quash the deposition subpoena served on Mr. Altschule. It does not assert a personal right or privilege in its Motion. Plaintiff does not even assert counsel for Plaintiff to personally object to a Zoom deposition– only that Mr. Altschule does. In previous correspondence, Plaintiffs' counsel even states he does not prefer Zoom depositions, but that he is not driving the train. Thus, it appears Plaintiffs themselves would not object to an in-person deposition, only Mr. Altschule.

If Plaintiffs' expert wishes to file his own motion to quash, then it would be undisputed he has standing to do so, notwithstanding the merits of such a motion; however, Plaintiffs do not have standing to file a motion to quash on behalf of themselves. Thus, Plaintiffs' Motion should be denied on this basis alone.

## II.     Mr. Altschule should be required to give an in-person deposition

### a.   Courts have rejected demands for video depositions related to COVID-19, recognizing the importance of in-person depositions

Rule 26 permits the Court to enter a protective order to protect an individual from "undue burden." Fed.R.Civ.P. 26(c). The party seeking a protective order carries the burden of establishing there is good cause. *Welsh v. Safeco Ins. Co. of Am.*, 2021 WL 5566009 *1 (D. Utah Nov. 29, 2021) (unpublished). "To establish good cause, the party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Id.* (*citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

3

Altschule cannot provide sufficient "good cause" to force a video conference deposition on Defendant. His sole reasoning is that he has an immunosuppressed relative and COVID-19 "variants" in the New York area.

Altschule should be required to give an in-person deposition. In-person depositions are superior to video conference or Zoom depositions for many reasons. Technical issues can limit the effectiveness of a deposition or even the ability for the deposition to occur. Additionally, as other courts have found when ordering an in-person deposition, "experienced litigation attorneys can read body language and find ways to engage the witnesses in ways that are not available in a virtual setting." *Pruco Life Ins. Co. v. California Energy Development, Inc.*, 2021 WL 5043289 *4 (S.D. Cal. Oct. 29, 2021) (unpublished) (denying motion for protective order for remote video deposition due to COVID-19). There are also issues with verifying which files and documents the deponent has access to off the screen.

Recently, courts in the Tenth Circuit and across the country have required key witnesses to attend in-person depositions. In *Welsh v. Safeco Ins. Co. of Am.*, the court denied a motion for protective order seeking a remote deposition for the witness. The court recognized each case will present a unique situation but wrote the fact the deponent was a key witness was partially dispositive of the court's decision. Critically, the court was persuaded to order an in-person deposition because the parties were required to demonstrate vaccination status and take other precautions during the deposition.

Likewise, in *LDM, a minor, by and through his natural parents and Next Friends, Valentina Matheny and Clayton Matheny v. LMH Health, et al.,* 2021 WL 5906039 (D. Kan.

4

Dec. 14, 2021) (unpublished), the trial court was presented with nearly the same situation as this Court. An expert would not agree to an in-person deposition and wished to opt for a video deposition. *See id.* at *4. The court denied the motion, stating:

> A significant amount of nonverbal information is gained through an in-person deposition and such information may not be as easily ascertained through a Zoom deposition. Non-verbal cues are less evident, and the exchange of documents is more difficult. Because Dr. Katz is such a crucial causation expert to Plaintiffs' significant damages claim, the Court finds much could be gained through in-person interaction.

*Id.* The court also commented while concern about COVID-19 is legitimate, general concerns of the risk caused by the pandemic were not sufficient to establish good cause: "such affidavit does not distinguish how his attendance at a deposition, with the inclusion of significant safety measures, places him in any greater danger than such everyday activities as interacting with his patients or a trip to the grocery store." *Id.* The court encouraged counsel to find a large room to provide adequate social distancing and to travel to the witness' place of business to minimize the witness' travel.

Other federal courts have ruled in a similar manner. In *Pruco Life Ins. Co. v. California Energy Development Inc.*, the court also rejected a motion for protective order to require a video deposition. This was in part because of non-verbal information gained in an in-person deposition. *See Pruco*, 2021 WL at *4 (*citing Johnson v. Sager*, 2012 WL 213471 *2 (W.D. Wash. Jan. 24, 2012) (an "inability to see defendants and to judge their personal demeanors constitutes an important consideration in the decision to permit a [remote] deposition . . ."). The court also made the decision based on the number of

voluminous documents required to be gone through in the deposition. *See Pruco*, 2021 WL at *4.

The court in *Pruco* also stated the fact that counsel and staff were all fully vaccinated was a factor in its decision. *Id.* Other courts have also found the presence of such measures such as social distancing and vaccination dispositive of ordering in-person depositions. *See supra. LMH Health, Welsh.*

Mr. Altschule's deposition presents the same issues as the above cases. Plaintiffs' expert, like the one in *LMH Health*, is a crucial causation expert. Altschule is providing meteorological opinions which are complex and technical in nature. His report narrative, excluding attachments or exhibits, was fifty pages. This included radar images, technical specifications, and other information which would be difficult to efficiently go over and explore in a video deposition. Moreover, Defense counsel would be deprived of measuring and observing Altschule's in-person, nonverbal information while Plaintiffs will be permitted such information with respect to Defendant's expert witnesses.[1]

Like in the above cited cases, counsel for Defendant will agree to secure a room with adequate space for social distancing under the Centers for Disease Control guidelines and will wear masks. Counsel is also fully vaccinated against COVID-19 with booster vaccinations. *See* Affidavit of Darrell Downs [Ex. 8]; Affidavit of Jacob Daniel [Ex. 9]. This should mitigate any concern about the COVID-19 pandemic, including the "omicron" variant cited by Altschule. The CDC has indicated individuals with booster vaccinations are

---

[1] This is especially considering Plaintiffs in this litigation are claiming over $1.1m in damages.

sufficiently protected from the Omicron variant.[2] Nevertheless, masking and social distancing will prevent any meaningful exposure to Altschule.

At the beginning of the COVID-19 pandemic, Zoom depositions were required because no vaccinations were available and it was unknown how the virus spread. Since then, COVID-19 vaccinations offer significant and substantial protections against the virus and it is understood masking and social distancing dramatically reduce transmission notwithstanding the protection of a vaccine.[3]

Considering the complexity of the issues to be discussed in Altschule's deposition, the disadvantages of video depositions, and the safety measures and vaccination status of counsel, this Court should deny Plaintiff's Motion [Dkt. # 39] and require an in-person deposition.

### b. Altschule's affidavit does not provide sufficient good cause

The affidavit attached to Plaintiffs' Motion does not meet the standard required for a protective order. There are no details concerning the ostensible relative in the affidavit and no other evidence than the affidavit of Altschule. This relative could be in Mr. Altschule's household or it could be a distant relative. It does not state why the relative is immunocompromised. It does not identify if Altschule takes other precautions in his everyday life similar to the one he is requiring here.

---

[2] Current COVID Boosters Are Enough to Fight the Omicron Variant, Fauci Says, https://www.nbcnews.com/health/health-news/current-covid-booster-are-enough-fight-omicron-variant-fauci-says-rcna8868.
[3] Likewise, cases ordering video depositions before vaccines should not be considered persuasive by the Court.

Critically, as the cases cited above require, it does not explain why an in-person deposition, with fully vaccinated (with booster) individuals and with adequate masking and social distancing, is not sufficient to mitigate virus concerns. <u>Altshcule has the burden to explain why a deposition with these requirements and precautions is not any riskier than going to a grocery store.</u> *See LMH Health*, 2021 WL at *4. Indeed, a deposition with the proper precautions is probably safer than any public outing.

Prior to Plaintiffs' Motion, Defendant has never before been informed of the reasoning for Altschule's demand that his deposition be via Zoom, despite what Plaintiffs' motion states. As the attached correspondence indicates, Altschule merely stated to Plaintiffs' counsel in early December that he was not "agreeing" to in-person depositions. *See* Exhibit 3. Plaintiffs' "requested accommodation" did not include any explanation of why a Zoom deposition was necessary. As discussed above and in the attached correspondence, Plaintiffs' counsel even stated he did not prefer such depositions but that it was essentially out of his hands.

Plaintiff also states in its Motion that "instead, Defendant filed the current Notice of Deposition . . ." *See* Plaintiff's Motion, p. 2 [Dkt. #39].[4] This is a mischaracterization. The notice and subpoena were only necessary after discussion with counsel for Plaintiffs to seek the Court's guidance on an in-person deposition. *See* Exhibit 1.[5]

This Court should deny Plaintiffs' Motion. Altschule does not provide sufficient information to meet his required burden to show how an in-person deposition with necessary

---

[4] Defendant also served a Rule 45 deposition subpoena on Altschule.
[5] It should also be noted that Mr. Altschule's place of business is in upstate New York, not in New York City.

precautions and vaccinated individuals presents any unique risk not met in everyday public life. It is not sufficient to generally assert a relative is susceptible to COVID-19.

## III.   Conclusion

This Court should deny Plaintiffs' Motion [Dkt. #39] because Plaintiffs do not have standing to file a motion to quash the deposition subpoena to Altschule. Nevertheless, the Court should deny the motion because Altschule does not meet his burden to show good cause. The affidavit provided does not provide sufficient information other than general concern of COVID-19 because of a relative. Plaintiffs' expert is required to show why a deposition with social distancing and masking, along with "booster shot" vaccinated individuals present additional risk unique from the risks of public life. Moreover, other courts have denied motions seeking video conference depositions, especially after COVID-19 vaccinations are widely available.

Defendant respectfully requests the Court to deny Plaintiffs' Motion [Dkt. # 39]

Respectfully submitted,

TAYLOR, FOSTER, MALLETT, DOWNS,
   RAMSEY & RUSSELL

s/Jacob R. Daniel
STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
MARK H. RAMSEY, OBA #11159
mramsey@soonerlaw.com
400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:   918-343-4100
Facsimile:   918-343-4900
*Attorneys for Defendant, Travelers Casualty Insurance Company of America*