**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GILBERT MEDICAL BUILDING LCC,** | ) | |
| **and AKY MD GILBERT, LLC,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:20-cv-00896-R** |
| | ) | |
| **TRAVELERS CASUALTY** | ) | |
| **INSURANCE COMPANY OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT AND WITNESS LIST**

Plaintiff Gilbert Medical Building LCC ("Gilbert"), files this, its Objections to Defendant's Exhibit List and Witness List and would respectfully show the Court as follows:

**I.**
**GENERAL OBJECTION**

1.      Plaintiff objects to Defendant's Exhibit List (Dkt. No. 43) and Defendant's Witness List (Dkt. No. 44) in that it improperly describes the exhibits and witnesses the Court has intended the parties disclose for these filings. Defendant's exhibits numbered 1, 8, 10, 13, 14, and 15 and witnesses numbered 12, 14, 15, and 16, describe categories vaguely and broadly so that Plaintiff cannot adequately evaluate their admissibility for trial or for Plaintiff's objections. *See* Dkt. No. 43 and 44. Local Civil Rule 43.1 clearly states "attorneys shall submit to the judge . . . the witnesses *they expect to call* in their case in chief and the exhibits *they intend to introduce*." LCvR 43.1 (emphasis added).  Further, this Court's own Scheduling Order (Dkt. No. 23), prohibits the use of witnesses and exhibits in a party's case in chief if not included in the party's filed witness or exhibit list, unless good cause is shown. Dkt. No. 23 at ¶¶4–5.

Where a party fails to sufficiently comply with the local rules or a Court's scheduling order requiring it to identify witnesses and exhibits it intends to use at trial, a Court may strike the party's exhibit and witness list under its discretion, unless good cause is shown. *See Cimarex Energy Co. v. Calhoon*, No. Civ-11-525-D, 2014 U.S. Dist. 6202, at *7–8 (W.D. Okla. Jan. 7, 2014); *Meltzner v. Anthem Ins. Cos.*, No. CIV-17-1023-SLP, 2019 U.S. Dist. LEXIS 89692, at *1–3 (W.D. Okla. May 29, 2019) (striking a party's exhibit list that included overly broad descriptions such as "all documents used by Defendants as exhibits to depositions"). *Cf.* Dkt. No. 43 at Exhibit No. 10 ("All documents identified in depositions or discovery not otherwise objected to by Defendant.").

Finally, the Court's Scheduling Order states Plaintiff shall object to Defendant's exhibits and witnesses under Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure. Dkt. No. 23 at ¶4. Rule 26(a)(3)(B) states a party shall object to materials identified under Rule 26(a)(3)(A)(iii) which calls for "an identification of each document or other exhibit . . . *separately identifying those items the party expects to offer . . . .*" *See* FED. R. CIV. P. 26(a)(3)(A)(iii) (emphasis added); *see also* FED. R. CIV. P. 26(a)(3)(B). Because Defendant has failed to separately identify each exhibit it expects to offer and each witness it expects to introduce at trial, Plaintiff may assert an objection to those exhibits and witnesses not yet identified at their initial offering. *See* FED. R. CIV. P. 26(a)(3)(B); 26(a)(3)(A)(iii).

Plaintiff makes the above objection based on available information and acknowledges Defendant may cure these objections through amended exhibit and witness lists. Plaintiff may withdraw these objections at a later date when Defendant supplements its exhibit and witness lists and more detail is provided.

## II.
## OBJECTIONS

**<u>Defendant's Exhibit No. 2</u>**

2.     Plaintiff objects on the basis that Traveler's claim notes contain statements made by an out of court declarant that are being offered to prove the truth of the matter asserted. Therefore, Traveler's claim notes are hearsay and inadmissible under Rule 802 of the Federal Rules of Evidence. *See* FED. R. EVID. 802. Further, Traveler's claim notes contain statements made by other out of court declarants also being offered to prove the truth of the matter asserted. As a result, Traveler's claim notes contain hearsay within hearsay and are inadmissible. *See* FED. R. EVID. 805. Plaintiff reserves the above objections with knowledge Defendant may be able to cure the hearsay objections at trial.

**<u>Defendant's Exhibit No. 4</u>**

3.     Plaintiff objects on the basis that Traveler's claim file contain statements made by an out of court declarant that are being offered to prove the truth of the matter asserted. Therefore, Traveler's claim file is hearsay and inadmissible under Rule 802 of the Federal Rules of Evidence. *See* FED. R. EVID. 802. Further, Traveler's claim file contains statements made by other out of court declarants also being offered to prove the truth of the matter asserted. As a result, Traveler's claim file contain hearsay within hearsay and are inadmissible. *See* FED. R. EVID. 805. Plaintiff reserves the above objections with knowledge Defendant may be able to cure the hearsay objections at trial.

**<u>Defendant's Exhibit No. 5</u>**

4.     Plaintiff objects to the listing of deposition transcripts as exhibits. Plaintiff reserves its right to object to Defendant's deposition designations as provided in the Court's updated deadlines. *See* Dkt. No. 47 ("Designations of deposition testimony to be used at trial to be filed by: 5/18/2022. Objections and counter-designations to be filed by: 5/25/2022.").

**<u>Defendant's Exhibit No. 6</u>**

5.      Plaintiff objects on the basis that weather reports for wind/tornado related events prior to or after Date of Loss contain statements made by an out of court declarant that are being offered to prove the truth of the matter asserted. Therefore, weather reports for wind/tornado related events prior to or after Date of Loss are hearsay and inadmissible under Rule 802 of the Federal Rules of Evidence. *See* FED. R. EVID. 802. Plaintiff reserves the above objection with knowledge Defendant may be able to cure the hearsay objection at trial.

**<u>Defendant's Exhibit No. 16</u>**

6.      Plaintiff objects on the basis that Traveler's experts' curriculum vitae contain statements made by an out of court declarant that are being offered to prove the truth of the matter asserted. Therefore, Traveler's experts' curriculum vitare are hearsay and inadmissible under Rule 802 of the Federal Rules of Evidence. *See* FED. R. EVID. 802. Plaintiff reserves the above objection with knowledge Defendant may be able to cure the hearsay objection at trial.

**<u>Defendant's Exhibit No. 17</u>**

7.      Plaintiff objects on the basis that Traveler's experts' reports contain statements made by an out of court declarant that are being offered to prove the truth of the matter asserted. Therefore, Traveler's experts' reports are hearsay and inadmissible under Rule 802 of the Federal Rules of Evidence. *See* FED. R. EVID. 802. Further, Traveler's experts' reports contain statements made by other out of court declarants also being offered to prove the truth of the matter asserted. As a result, Traveler's experts' reports contain hearsay within hearsay and are inadmissible. *See* FED. R. EVID. 805. Plaintiff reserves the above objections with knowledge Defendant may be able to cure the hearsay objections at trial.

## III.
## RESEVATION OF RIGHT TO OBJECT AT TRIAL

Because of Defendant's lack of sufficient descriptions when listing exhibits and witnesses, Plaintiff is unable to object now to all proposed exhibits and witnesses Defendant expects to offer at trial. Therefore, Plaintiff reserves the right to object to any new witness not named or new exhibit not identified in either Defendant's exhibit list (Dkt. No. 43) or Defendant's witness list (Dkt. No. 44). Plaintiff's objections are filed subject to further conference with Defendant.

Respectfully submitted,

FOSHEE & YAFFE LAW FIRM

*/s/ Terry M. McKeever*
Terry M. McKeever, OBA #21751
tmm@fylaw.com
P.O. Box 890420
Oklahoma City, OK 73189
Telephone:   (405) 632-6668
Facsimile:    (405) 632-3036

and

PRESTON DUGAS LAW FIRM, PLLC

*/s/ Preston J. Dugas*
Preston J. Dugas, III,
Texas Bar No. 24050189
*Admitted Pro Hac Vice*
preston@pjdlawfirm.com
1701 River Run, Suite 703
Fort Worth, TX 76107
Telephone:   (817) 945-3061
Facsimile:    (682) 219-0761

ATTORNEYS FOR GILBERT MEDICAL BUILDING LLC, AND AKY MD GILBERT, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on January 11, 2022 in manner described below:

***via electronic service***
Darrell W. Downs
State Bar No. 12272
ddowns@soonerlaw.com
Mark Ramsey
State Bar No. 11159
mramsey@soonerlaw.com
Jacob Daniel
State Bar No. 32760
jdaniel@soonerlaw.com

400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:     (918) 343-4100
Facsimile:     (918) 343-4900

**Attorneys for Defendant**

*/s/**Preston J. Dugas III*** _____
**Preston J. Dugas III**