**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GILBERT MEDICAL BUILDING LLC, and AKY MD GILBERT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 20-CV-896-R |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF GILBERT MEDICAL
BUILDING LLC'S EXHIBIT LIST**

COMES NOW the Defendant, Travelers Casualty Insurance Company of America ("Travelers"), by and through its counsel Darrell Downs and Jacob Daniel of Taylor, Foster, Mallett, Downs, Ramsey, & Russell, P.C., and hereby files its objections to Plaintiff Gilbert Medical Building, LLC's Exhibit and Witness List [Dkt. #37]. Defendant states as follows:

**Introduction**

Defendant presents these objections pursuant to Fed.R.Civ.P. (a)(3)(B). Defendant reserves objections to additional exhibits and witnesses not listed in Plaintiff's Exhibit and Witness List. Pursuant to Fed.R.Civ.P. (a)(3)(B), Defendant also reserves all objections under Fed.R.Civ.P. 402 and 403. Defendant also preserves any objections under Fed.R.Evid 1002 when necessary.

1

Defendant incorporates and preserves objections made during depositions taken thus far. Defendant also reserves the right to object to expert witness testimony under Fed.R.Evid. 702 and lay witness testimony under 602 and 701.

**Plaintiff's Exhibits # 2 and #3**

Defendant objects to Duane Smiths' inspection photographs under Fed.R.Evid. 901. The photos must have authentication to be properly introduced. Moreover, to the extent the photographs make a "statement" under Fed.R.Evid. 801, Defendant objects to the photographs as hearsay. Fed.R.Evid. 802. Defendant further objects because of lack of foundation.

The same objections apply to Duane Smith's estimate. While it is anticipated Mr. Smith will testify at time of trial, Defendant preserves its objections to these materials.

**Plaintiff's Exhibit #4**

Defendant objects to this exhibit under Fed.R.Evid. 901, 802, and for lack of foundation. While Mr. Altschule is expected to testify at time of trial, Defendant preserves these objections nonetheless. If the Forensic Weather Report is admitted, then this exhibit would also be objectionable under Fed.R.Evid. 403 as unnecessarily cumulative.

**Plaintiff's Exhibit #5**

Defendant objects to this exhibit under Fed.R.Evid. 901, 802 and for lack of foundation. While Mr. Altschule is expected to testify at time of trial, Defendant preserves these objections nonetheless.

This report is likely to contain statements from out of court declarants which may be offered for the truth of the matter asserted. Fed.R.Evid. 801. Thus, certain portions may be

objectionable under Fed.R.Evid. 802 even if Mr. Altschule is in court to testify. While experts may rely on hearsay to formulate their opinions, this limited exception cannot be abused to subvert Fed.R.Evid. 802. *See, e.g., United States v. Mejia*, 545 F.3d 179 (2nd Cir. 2008) (an expert cannot simply repeat hearsay to avoid 802).

**Plaintiff's Exhibit #7**

Defendant objects to this exhibit under Fed.R.Evid. 901 for authentication. Defendant also objects as to any statements from out of court declarants. Fed.R.Evid. 802.

**Plaintiff's Exhibit #14**

Defendant objects based on lack of foundation and Fed.R.Evid. 901.

**Plaintiff's Exhibits #15 and #16**

Defendant objects to these exhibits on the basis of Fed.R.Evid. 901, 802, and for a lack of foundation. While the experts are expected to testify at trial, Defendant preserves these objections nonetheless. Similar to Exhibit #5, these reports contain statements from out of court declarants which may be objectionable in portions. Fed.R.Evid. 802. While Plaintiff's experts can rely on hearsay to formulate their opinions, the exception cannot be abused to skirt around 802. *See supra. Mejia*.

**Plaintiff's Exhibit # 17**

Defendant objects to this exhibit under Fed.R.Evid. 901, 801, and for a lack of foundation for the same reasons as outlined in Defendant's objection to Plaintiff's Exhibit #7.

**Plaintiff's Exhibit # 18**

Defendant objects to this exhibit under Fed.R.Evid. 402, 403, and a lack of foundation. Material in the underwriting file is not relevant to Plaintiff's breach of contract claim, which is focused on whether the roof was damaged during the policy period or not. At most, portions of the underwriting file *might* be relevant to a bad faith claim– but there is no bad faith claim in this case. Additionally, there will be statements from out of court declarants in the underwriting file. Fed.R.Evid. 802.

Respectfully submitted,

**TAYLOR, FOSTER, MALLETT, DOWNS,
     RAMSEY & RUSSELL**

   s/ Jacob R. Daniel
STRATTON TAYLOR, OBA #10142
staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
ddowns@soonerlaw.com
MARK H. RAMSEY, OBA #11159
mramsey@soonerlaw.com
JACOB R. DANIEL OBA #32760
jdaniel@soonerlaw.com
400 West Fourth Street
Post Office Box 309
Claremore, Oklahoma 74018-0309
Telephone:   918-343-4100
Facsimile:   918-343-4900
***Attorneys for Defendant, Travelers
Casualty Insurance Company of America***

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                                                                                   s/ Jacob R. Daniel